JAMES KARSEN *vs.* MILWAUKEE & ST. PAUL RAILWAY COMPANY.

December 30, 1881.

**Fire caused by Railroad Train—Evidence.**—The evidence tended to show that a fire started in the grass near and to the leeward of a railroad track, a few minutes after an engine had passed, and that no person, or other fire than that of the engine, was in the vicinity at the time. *Held*, 1. That this was sufficient to justify the jury in finding that the fire was scattered or thrown from the passing engine.

**Same—Statutory Presumption of Negligence—Burden of Proof.**—2. That this fact being established, a presumption of negligence on the part of the railroad company arose, and, under Gen. St. 1878, c. 34, § 60, the

burden of proof rested upon it to show affirmatively that it was not guilty of any negligence, either as to the construction, condition, or manner of operating its engine.

**Same—Presumption not Rebutted.**—The evidence in this case considered, and *held* to justify the jury in finding that it did not satisfactorily rebut this presumption of negligence as to the condition of the engine which set the fire.

**Same—Failure to plough around Hay-Stacks.**—The fact that plaintiff had not ploughed around stacks, so as to prevent fire from reaching them, was not negligence *per se.* Whether it amounted to negligence was a question of fact to be determined by the circumstances of the case.

Appeal by defendant from an order of the district court for Mower county, *Farmer*, J., presiding, refusing a new trial. The case is stated in the opinion.

*D. B. Johnson, Jr.*, and *Geo. B. Young*, for appellant, cited *Woodson* v. *Mil. & St. Paul Ry. Co.*, 21 Minn. 60; *Clemens* v. *Hannibal & St. Joseph R. Co.*, 53 Mo. 366; *Spaulding* v. *Chic. & N. W. R. Co.*, 30 Wis. 110; *Pa. R. Co.* v. *Hope*, 80 Pa. St. 373; *Spaulding* v. *Chic. & N. W. R. Co.*, 33 Wis. 591; *Kesee* v. *Chic. & N. W. R. Co.*, 30 Iowa, 78; *Chic. & N. W. R. Co.* v. *Simonson*, 54 Ill. 504; *Gandy* v. *Chic. & N. W. R. Co.*, 30 Iowa, 420; *Witherell* v. *Mil. & St. Paul Ry. Co.*, 24 Minn. 410; *Grand Trunk R. Co.* v. *Richardson*, 91 U. S. 454; *Read* v. *Morse*, 34 Wis. 315; *Steinweg* v. *Erie Ry. Co.*, 43 N. Y. 123; *Gagg* v. *Vetter*, 41 Ind. 228; *Libby* v. *Chic. R. I. & P. R. Co.*, 2 N. W. Rep. 982; *Jones* v. *Chic. & N. W. R. Co.*, 49 Wis. 352.

*Joseph McKnight* and *C. K. Davis*, for respondent.

MITCHELL, J. This is an action for damages for the destruction of two stacks of hay by fire, alleged to have been set by a coal or spark from defendant's engine, through negligence in operating its road. The only question for consideration is whether the verdict against the defendant was sustained by the evidence.

The first point raised is that there was no evidence that the fire which caused the injury was set by defendant's engine. The evidence tended to show that the fire started in the grass near and to the lee-ward of defendant's track, a few minutes after a train had passed; that there was quite a stiff breeze; that there was no person, and no

other fire than that of the passing engine, in the vicinity at the time. It being a matter of common knowledge that engines do emit sparks which start fires in this way, and there being no other apparent probable explanation of the origin of the fire, we think these facts rendered it highly probable that this fire was set from the passing engine, and fully warranted the jury in so finding. *Smith* v. *London & S. W. R. Co.*, L. R. 6 C. P. 14; *Burke* v. *Louisville & Nashville R. Co.*, 7 Heisk. 451; *Woodson* v. *Milwaukee & St. Paul Ry. Co.*, 21 Minn. 60.

The further contention of defendant is that, even if it was established that this fire was set from its engine, yet the presumption of negligence arising from that fact was fully rebutted by satisfactory and uncontradicted evidence that its engine was properly constructed, in good condition, and carefully and skilfully operated. This presents the only question of any difficulty in the case. Laws 1874, c. 30, (Gen. St. 1878, c. 34, § 60,) enacts that "all railroad companies or corporations operating or running cars or steam-engines over roads in this state shall be liable to any party aggrieved, for all damage caused by fire being scattered or thrown from said cars or engines, without the owner or owners of the property so damaged being required to show defect in their engines, or negligence on the part of their employes; but the fact of such fire being so scattered or thrown shall be construed by all courts having jurisdiction as *prima facie* evidence of such negligence or defect."

This statute, in our opinion, establishes the same rule which has been established by similar statutes in a number of other states, and which has been by many courts held to be a common-law principle, in the absence of statute, viz., that where damage is caused by fire which is proved to have escaped from the engine of a railroad company, a presumption of negligence on the part of the company arises, which casts the *onus* or burden of proof upon the railroad company to show affirmatively that they were not guilty of any negligence in the matter. We do not think or hold that the mere fact that the fire was set by an engine has such an effect as direct evidence of negligence as would warrant a jury in finding negligence, if the otherwise uncontradicted evidence on the part of the railroad company showed satisfactorily that it had fully performed its duty in the premises.

And if a jury should so find, it would be the right and duty of the court to set aside the verdict, as in any other case where it was not justified by the evidence.

The statute creates what is sometimes called a disputable presumption of law; that is, where the law itself, without the aid of a jury, infers one fact from the proved existence of another fact, in the absence of all opposing evidence. 1 Greenl. Ev. § 33. The effect of the statute is that when it is established that the fire causing the damage was scattered or thrown from the company's engine, the burden of proof is cast upon the company to show affirmatively that it did its duty in the premises, and was not in fact guilty of any negligence. This it must do by satisfactory evidence, as in any case where a party holds the affirmative of an issue, or where the burden of proof is cast upon him. And whether it has done so is a question of fact for the jury, the same as in any other case.

But to overcome this presumption the rebutting evidence must be as broad as the presumption, and must satisfactorily rebut every negligent act or omission which might, under the circumstances of the case, reasonably or naturally have caused the fire. A party on whom the burden of proof rests is bound to prove each circumstance which is essential to the conclusion, in the same manner as if the whole issue had rested on it. Proof means anything which serves to convince the mind of the truth or falsehood of a fact or proposition, (1 Best, Ev. 10,) and a thing is said to be proved when that weight of evidence is produced which ordinarily satisfies an unprejudiced mind of its existence. A verdict cannot be said to be unsupported by the evidence, when, taking the entire evidence together, it will fairly and reasonably warrant the conclusion arrived at. Neither is a jury necessarily bound to accept as conclusive the statement of a witness that an engine was in good order, or carefully and skilfully operated, although there is no direct evidence contradicting the statement. They have a right to consider all the facts and circumstances in evidence bearing upon the condition or mode of operating the engine, and upon the accuracy of witnesses.

While we admit that the evidence introduced by the defendant, tending to prove that the engine which is alleged to have started this

fire was properly constructed, in good condition, and skilfully and carefully operated, appears quite strong, yet, after carefully examining all the evidence in the case, we cannot say that it did not justify the verdict of the jury. Take one point as an example. It is admitted by two of defendant's witnesses, who claimed to be conversant with such matters, that if sparks of fire should pass out of the smoke-stack of a coal-burning engine, as this was, and were thrown or carried the distance from the track at which this fire started, and there ignited the grass, the conclusion would be that something about the engine was out of order. The only witness who testified as to the condition of the netting or spark-arrester on the smoke-stack was Graham. In his examination in chief he testified that he examined it, as was his business, before it was taken out that morning, and that it was in good condition, but on his cross-examination he admitted that he had no personal recollection of this particular engine except by looking at his books. He also testified that when he examines an engine he puts his report upon a nail, and that his superior, Anderson, enters it in a book, and that he (Graham) knows nothing about the report after Anderson gets it. It does not appear that he had his report before him to refresh his memory. The fire occurred November, 1879, and the action was tried April, 1880. Hence, the witness was to a great extent basing his evidence upon what he saw in a book kept by another, and upon the assumption, without personal recollection, that this other person had correctly entered witness' report in the book. Now, although his evidence in chief seemed so strong and direct as to the good condition of the engine, the cross-examination shows on how slender or unreliable basis this evidence was really founded. Now, if the jury found, as they had a right to find, that this fire was set by this engine, and accepted the theory of defendant's own witnesses that this fact, under the circumstances, indicated that the engine was out of order, we cannot say that they were not justified in so finding, notwithstanding the assertion of Graham to the contrary.

Another fact must not be overlooked in the decision of this appeal. It is an appeal from an order denying a new trial. The question for an appellate court in such a case is not whether a new trial might not

have been properly granted, but whether the court below violated a clear legal right of defendant, or abused its judicial discretion, in refusing to grant a new trial. The jury and court which tried the case saw the witnesses and heard them testify, and were in better position to pass upon their credibility and the weight to be given to their testimony than is this court, which has only the record before it. It is quite probable that if the court below had seen fit to grant a new trial in this case, we would not have interfered with his decision; but it does not follow that we should reverse his action because he refused to do so. This court will unhesitatingly revise or reverse the action of either juries or trial courts whenever it appears that a clear legal right of a party has been violated, but we cannot usurp the functions of either. In the present case we cannot say that the court erred in not granting a new trial, or that the verdict was not justified by the evidence.

It is suggested, although not urged, that the evidence shows that plaintiff was guilty of contributory negligence in not ploughing around these stacks, so as to prevent fire from reaching them. The failure to do so would not constitute negligence *per se.* Whether such omission would amount to negligence would depend on circumstances, and was a question of fact for the jury. We find nothing in the facts of this case that would warrant us in saying that their verdict in this respect was wrong. The order denying a new trial must, therefore, be affirmed.

Order affirmed.