ELI H. SIBLEY *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

December 15, 1884.

**Railroad — Negligence — Fire caused by Locomotive.**—The circumstances of the origin and spread of a fire which destroyed plaintiff's property, as disclosed by his evidence in this case, *held* sufficient to support a finding by the jury that it was caused by one of defendant's locomotive engines.

**Same—Evidence—Question for Jury.**—*Held, also,* that the evidence offered by defendant to rebut the presumption of negligence on its part, raised by plaintiff's evidence under the statute, was not conclusive, but its sufficiency was for the jury to consider.

Appeal by defendant from an order of the district court for Clay county, *Stearns,* J., presiding, refusing a new trial.

*E. H. Ozmun,* for appellant.

*Spooner & Larrabee,* for respondent.

VANDERBURGH, J.   This action is for damages for the destruction of several stacks of grain and other property, belonging to plaintiff, by fire, alleged to have been negligently caused by one of defendant's locomotive engines.   The circumstances under which the fire appears to have started and spread from the right of way of the company immediately after the train passed, tended to prove that the fire was caused by the engine, and were sufficient to support a finding of the jury on this point in plaintiff's favor; and the negligence of the defendant was presumptively established under the statute, (Gen. St. 1878, c. 34, § 60.)   *Karsen* v. *Mil. & St. Paul Ry. Co.,* 29 Minn. 12. The burden was therefore cast upon the defendant to rebut this presumption.   In attempting to do this no effort was made to explain the origin of the fire or any of the circumstances connected with it, or to show how it could have been caused by the engine without the fault of the defendant company.   But the defendant endeavored to prove, by the person charged with the duty of inspecting the fire apparatus of its engines, that he inspected the engine in question the morning after the fire, and that it was properly constructed and in good order.   As respects the smoke-stack, he testified particularly

that it was so protected as to be entirely safe if the engine was properly managed. The condition of other parts inspected by him he did not particularly describe, but stated generally, from his record of inspections, that they were in good order. The fireman also testified generally that at the time of the fire there was nothing unusual in the management of the engine, and that it was operated in a proper manner. But assuming, as we must from the verdict, that the fire was caused by the engine, it is a natural inference from the evidence of the inspector that if it escaped from the smoke-stack the engine was not properly managed; and if it escaped from the ash-pan or other part of the fire apparatus, these general statements of the witnesses, of whose intelligence, accuracy, and credibility the jury were to judge, did not conclusively rebut the presumption of negligence, but were for the jury to consider.

It is not clear, therefore, that some part of the engine may not have been out of order or have been mismanaged at the time. *Karsen* v. *Mil. & St. P. Ry. Co.*, supra.

Order affirmed.