H. H. HOFFMAN *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COM-
PANY.

### January 21, 1889.

Evidence — Fire from Locomotive — Record of Inspection. — A record
of the inspection of locomotives kept by a person who is employed by a
railroad company for the purpose of making a daily inspection, and ascer-
taining their condition, is not evidence of such condition except under
certain contingencies, not appearing in this case.   Usually it can only be
used to refresh the memory of a witness.

Testimony in this case examined, and *held* to justify the verdict.

Appeal by defendant from an order of the district court for Mc-
Leod county, *Edson, J.,* presiding, refusing a new trial after verdict
for plaintiff.

*G. M. Nelson,* for appellant.

*F. R. Allen* and *Hooker, Little & Nunn,* for respondent.

COLLINS, J.   The plaintiff in this case seeks to recover the value
of certain stacks of hay which he alleges were destroyed by a fire
caused by the negligent manner of operating one of defendant's loco-
motives, on the 9th day of October, 1885.   The testimony as to the
origin of the fire which burned the hay is fully as satisfactory as it
was in *Karsen* v. *Mil. & St. Paul Ry. Co.,* 29 Minn. 12, (11 N. W.

Rep. 122,) and *Sibley* v. *Northern Pacific R. Co.*, 32 Minn. 526, (21 N. W. Rep. 732,) and of the character usually obtainable in such cases. It tended to show that immediately upon the passing of an east-bound freight train, before it was out of sight, a small fire was seen north of defendant's right of way, and about 150 feet from its track. It spread rapidly in the direction of plaintiff's hay, which was soon burned. No person was seen in the vicinity of the place where the fire started, and it cannot be contended that the finding upon this point in plaintiff's favor is not fully justified by the evidence.

The plaintiff's omission to plough around his stacks of hay, and thus protect them from running fires, does not constitute negligence *per se.* Whether such a failure amounts to negligence in any case, depends upon circumstances, and is a question of fact for a jury. *Karsen* v. *Mil. & St. Paul Ry. Co., supra.* This disposes of defendant's fourth assignment of error, that the verdict was not justified by the evidence.

The first, second, and third assignments, that the court erred in excluding certain testimony, may properly be considered together, and we see no reason for the appellant to complain of the rulings, many of which were, improperly, in its favor. The origin of the fire having been traced to defendant's locomotive, attached to a freight train going east about noon, a *prima facie* case of negligence under the statute (Gen. St. 1878, c. 34, § 60) was made out. The burden then rested upon the defendant to overcome the presumption of negligence, and establish by competent testimony the proper construction, good condition, and skilful management of the locomotive involved,—the one attached to the freight train, and which must have set the fire, if reliance is placed upon any part of the testimony relating to its cause. To identify this locomotive as one numbered 135, Moore, a section foreman, testified that his "report" showed it to be 135, run by engineer Chadwick. The report spoken of was probably one made to his superiors concerning the fire, but, as the witness had previously stated that he did not know the number of the locomotive, nor who was in charge, it is obvious that his "report" was based upon hearsay only. Without further effort to show what engine was responsible for the fire, the defendant proceeded in

an attempt to show the condition of the netting over the smoke-stack of No. 135, by a witness whose business it was to make a daily inspection of defendant's locomotives, and keep a record of such inspection in a book provided for the purpose, and produced in court. The witness, against respondent's objections, was permitted to state the condition of the netting as it appeared in the book, and to explain the meaning of the letters "O. K.," as they were found opposite an entry in regard to No. 135; and, still against objection, the record itself was received in evidence,—the witness saying that without the book he would know nothing of the matter. Another witness, who made an inspection of the same locomotive at another place, who kept a similar record, and produced it in court, testified, without objection, that his record correctly stated the condition of the netting upon 135 on October 9th, but this evidence was subsequently stricken out as incompetent. But the record itself was received in evidence, despite the respondent's protests. The appellant also offered a record, kept by the first-named inspector, of the condition of all engines and the nettings thereon, which passed the place of the fire on the day in question, to which an objection was made and sustained. Upon this trial, as before stated, it was incumbent on appellant to show the condition of the engine, which might be done by any competent person who had inspected it, but the record of such inspection was not evidence of the fact. It was a private writing, kept by an individual for a purely private purpose. If the witness could have remembered the fact of his examination of the engine, and the result thereof, he should have testified from memory. If he could not so remember independently of his record, (which was made at the time, it seems,) then it could have been used to refresh his memory. 1 Phil. Ev. 586, Cow. & H. and Edw. notes, 170. This is not a case where it appeared that the witness had seen the writing before, recollected that he then knew its contents to be correct, but had no independent recollection of the facts. In such cases the testimony may be admitted, but the writing itself is incompetent and inadmissible. 1 Greenl. Ev. 437; *Dugan* v. *Mahoney,* 11 Allen, 572. The court erred in permitting the record of either inspection to go to the jury, and was quite right in excluding the result of the examination of

other locomotives, for the reason above given, as well as others. It also appears of record that the good condition of the netting on 135, as shown by the book, was testified to by the inspector Bennett. Certainly the appellant could not have been prejudiced by the erroneous rulings.

In conclusion, we suggest that, in addition to proving the good condition of the locomotive, it devolved upon appellant to show a careful and skilful handling by the engineer in charge, in order to rebut the statutory presumption of negligence. No attempt was made to do this.

Order affirmed.