PETER HOFFMAN *vs*. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

May 28, 1890.

**Railway—Fires—Presumption of Negligence, not Rebutted.**—Upon an examination of the evidence introduced by the defendant railway corporation, in an action brought to recover the value of certain property destroyed by a fire admittedly set by one of its locomotive engines, to rebut the statutory presumption of negligence on its part, it is *held* that the same was not conclusive, but its sufficiency was for the jury to consider.

Appeal by defendant from an order of the district court for Mower county, *Farmer*, J., presiding, refusing a new trial after verdict of $96 for plaintiff.

*Kingsley & Shepherd*, for appellant.

*French & Wright*, for respondent.

COLLINS, J.    This action was brought to recover the value of several tons of hay destroyed by a fire alleged to have been negligently set by a locomotive engine, owned and operated by defendant company on one of its lines of railway.    A verdict was returned for the plaintiff, and the appeal is from an order refusing a new trial.    For the purposes of the appeal, defendant concedes that the fire in question was set by a locomotive attached to one of its passenger trains, at about one o'clock in the afternoon of October 1, 1888.    The day previous the same locomotive, with the same engineer and fireman, had run from Austin to La Crosse.    This was the return trip, commencing at the place last named in the morning, and terminating at Austin, a few miles west from where the hay was burned, at half past one in the afternoon.    The locomotive was placed in the round-house at Austin upon its arrival there, where it remained over night, at least.    The fire having been reported to defendant, the inspector of engines and the foreman of the round-house made a special examination of this locomotive on the morning of October 2d, for the express purpose of learning its condition.    Upon the trial it appeared that the fire started something over 70 feet from the centre of the

track, and off from defendant's right of way, among dry grass and leaves. The plaintiff introduced no evidence tending to show defendant's negligence, relying wholly upon the statutory presumption that such negligence existed from the fact of the fire. It therefore became necessary for defendant to overcome this presumption, this inference of one fact—that of negligence—from the admitted existence of another fact,—that the fire was ignited by defendant's locomotive,—by rebutting evidence as broad as the presumption itself, and to satisfactorily meet and rebut every negligent act or omission which might, under the circumstances of the case, reasonably or naturally have caused the fire. The only inquiry we have is whether the appellant fully and satisfactorily rebutted the presumption before mentioned. If it did, the verdict must be set aside; otherwise the order appealed from must be affirmed.

On the trial the engineer and fireman both testified that, so far as they knew, the locomotive was in perfect order. Neither had made anything more than a cursory examination of it,—the former while oiling its machinery as occasion required, and upon his arrival at La Crosse the night before the fire; the latter as he cleaned out the hopper and ash-pan upon the easterly and westerly runs. These witnesses also testified, in a general way, that, from the time they left La Crosse in the morning until they reached Austin in the afternoon, the locomotive was properly handled and managed. The foreman of the round-house and the inspector at Austin also stated that the locomotive was in perfect condition when they examined it on the morning of October 2d, the day after the fire. It will have to be admitted that the testimony of each of these witnesses is entitled to more than ordinary weight, because they were informed of the fire within 24 hours after it occurred, and the examination of the locomotive in the round-house was immediately and purposely made because of the fire. But the jury was not bound to accept as conclusive the statement of the witnesses that the engine was in good order or carefully or skilfully operated, although there was no direct evidence contradicting their statements. *Karsen* v. *Mil. & St. Paul Ry. Co.*, 29 Minn. 12, (11 N. W. Rep. 122.) If this were the law, a rule would be established

in this class of cases which does not prevail in any other. The jurors may consider all of the facts and circumstances in evidence which bear upon the method of operating the engine, or upon its condition, as well as the accuracy and appearance of the witnesses. The burden was upon the defendant to rebut the statutory presumption, and it was obliged, if it would do this, to prove each circumstance necessary to a complete rebuttal in the same manner as if the whole issue had rested upon it.

With this in mind, let us proceed to examine certain points in the evidence. The locomotive which set the fire was not the one ordinarily driven by the engineer witness, nor was it used for that train except for this one trip. Usually it was run from Austin westerly. At Austin there was a round-house, with a regular inspector and a foreman, both of whom testified as to the perfect condition of the locomotive on the morning of October 2d. The night previous it had been in the round-house at La Crosse, and the result of the inspection there, if any was had, was not made known to the jury; and the night before it made the trip easterly it had been in the round-house at Austin. If any inspection was then made, or if, in fact, the locomotive had ever received inspection in its years of use, at any time or place, prior to the fire, the witnesses failed to say so. So that upon this point we have the defendant endeavoring to escape the force of the statute by simply proving that its locomotive was in perfect condition the day after the fire was set, and without adequately attempting to prove its condition at any time previous thereto. These were omissions in the testimony which might well have been considered by the jury. We have not overlooked the fact that the netting inspector testified that from the time the locomotive was housed at Austin, after the fire, until the examination, "nothing had been done to it;" but we observe in this connection, as possibly did the jurors, that the foreman of the round-house, who presumably knew more about what was going on in the house than did the inspector, wholly omitted to testify on this point. It was quite material to this defence that it be shown upon the trial that there had been no changes made in the locomotive after its arrival at Austin.

The evidence introduced by the defendant to rebut the presumption of negligence was not conclusive, in our opinion. Its sufficiency was for the jury to consider.

Order affirmed.