MARY CANTLON *vs.* EASTERN RAILWAY COMPANY OF MINNESOTA.

March 2, 1891.

Railway—Fire Set by Locomotive—Presumption of Negligence—Evidence.—In an action to recover for property destroyed by a fire set by a railroad locomotive, a verdict involving a finding of negligence in the operation of the locomotive sustained, in view of the statutory presumption of negligence, and the failure to show whether the dampers, 10 inches wide and 4 feet long, at the front and rear of the ash-pan beneath the fire-box, or either of them, were closed.

Same—Right of Jury to Disbelieve Uncontradicted Testimony.—Circumstances may justify a jury in disbelieving witnesses whose testimony is not directly contradicted.

Same—Liability of Lessee.—The liability of a railroad company for its negligence in such cases is not affected by the fact that it operates its trains over a road leased from another company.

Same—Evidence of Combustibles on Right of Way. — Evidence that there was combustible material on the right of way might be shown as bearing upon the degree of care necessary in operating the locomotive.

Appeal by defendant from an order of the district court for Sherburne county, *Searle*, J., presiding, refusing a new trial after verdict of $1,238.96 for plaintiff.

*M. D. Grover* and *James Spencer*, for appellant.

*D. W. Bruckart*, for respondent.

DICKINSON, J. This action is for the recovery of the value of a dwelling-house and the contents, destroyed by a fire, which, as the evidence showed, started in dry grass on the railroad right of way immediately after the passage of a train of cars of the defendant, and ran along the ground through dry grass to the house. The house stood 36 feet from the railroad land, and 86 feet from the tracks. Accepting it as a fact that the fire was caused by sparks or coals from the locomotive, we are to decide whether the evidence on the part of the defendant so satisfactorily disproved the statutory presumption of negligence that the verdict, resting upon the ground of negligence, cannot stand.

V.45M.—31

The allegations in the pleadings are such that the issue must be deemed to embrace not merely the question as to whether the locomotive was properly constructed and in good order, as respects the parts from which fire may escape, but whether it was operated with due care.    The former branch of the question of negligence may be dismissed without particular consideration; for we are of the opinion that upon the latter the statutory presumption of negligence was not so far overcome that the verdict may not stand.    It appears that the ash-pan under the fire-box, and into which fire and cinders fall from the fire-box, was provided with dampers, both in front and rear, to be opened or closed at will.    These dampers were 10 inches deep and 4 feet long.    It seems to be apparent that, if these were both open when the locomotive was in rapid motion, a strong current of air would sweep through the ash-pan, and probably carry with it burning coal falling from the fire-box.    There was no evidence that it was necessary that these should both be open, nor whether they were open or closed when this fire was set.    As the burden rested upon the defendant to disprove negligence in the condition and operation of this locomotive, the case was such as to obviously call for affirmative proof as to whether both of these dampers were open, and, if so, whether this was necessary; and in the absence of such proof the jury were justified by the statute in referring the origin of the fire to the negligence of the defendant in this particular.    The evidence to rebut negligence must be as broad as the presumption to which it is opposed.    *Karsen* v. *Mil. & St. Paul Ry. Co.*, 29 Minn. 12, (11 N. W. Rep. 122;) *Hoffman* v. *Chicago, Mil. & St. Paul Ry. Co.*, 43 Minn. 334, (45 N. W. Rep. 608.)    The testimony of the engineer, (after referring particularly to other matters than the dampers) that he managed the engine in a careful and proper manner, was too general to compel the conclusion that the dampers were not open. Even if that statement of the witness is not to be deemed a mere conclusion of his own from facts not disclosed, it is left in doubt whether he referred to or had in mind the condition of the dampers; and it does not even appear that he knew, or naturally would know, whether they were both open at the time to which the inquiry relates.

The defendant excepted to a part of the charge in which the court instructed the jury that they were not necessarily bound to accept as conclusive the statements of a witness that the engine was in good order, or carefully or skilfully operated, although there was no *direct* evidence contradicting these statements. The court added, in this immediate connection, that the jury should consider all the facts and circumstances in evidence bearing upon the condition and mode of operating the engine, and upon the accuracy of the witnesses. There was no error in this. Substantially the same language was used to express a general proposition of law in both of the cases above cited. Of course, it is not to be taken as meaning that in no such case are the jury bound to accept as true the uncontradicted testimony of witnesses, given with apparent candor and truthfulness, and unopposed by circumstances impairing its credibility. *Daly* v. *Chicago, Mil. & St. Paul Ry. Co.,* 43 Minn. 319, (45 N. W. Rep. 611.)

Evidence that there was combustible material on the right of way —dry grass—was proper; for that might be taken into consideration in measuring the degree of care necessary to be exercised in operating the engine.

The liability of the defendant for its own negligence was not affected by the fact that it was operating its trains over this road under a lease or contract.

Order affirmed.