Points Decided.

(April 26, 1912.)

## JOHN L. FODEY, Respondent, v. NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Appellant.

[123 Pac. 835.]

RAILROADS—NEGLIGENCE—SETTING FIRES—PRIMA FACIE CASE — WITH-DRAWING QUESTIONS OF NEGLIGENCE FROM JURY—SETTING OTHER FIRES—EQUIPMENT OF ENGINES—BURDEN OF PROOF — SPECIAL IN-TERROGATORIES TO JURY.

(Syllabus by the court.)

1. In an action to recover damages for loss by fire by reason of the negligence of a railway company in its equipment and operation of its engines drawing trains over its right of way, where the evidence shows that the fire which caused the damage came from sparks of the railway company's engines, such evidence proves a *prima facie* case and negligence is presumed, and the evidence is sufficient to entitle the plaintiff to recover for negligence on the part of the railway company in its equipment and operation of its engines, and such proof being made the burden then shifts to the defendant to rebut this presumption of negligence.

2. In an action where damages are sought to be recovered on account of negligence of a railway company in operating its trains, and because of such negligence sparks are emitted from its engines and fires are ignited and property destroyed and damages result therefrom, the plaintiff is entitled to recover when such facts are shown, in the absence of clear and satisfactory evidence on the part of the railway company showing the absence of negligence, and such evidence on the part of the plaintiff may be circumstantial or direct evidence.

3. In such cases it is not error for the trial court to refuse to withdraw questions of negligence from the consideration of the jury or to instruct a verdict for the defendant, unless the facts are un-disputed or are so conclusively proven that the court, in view of the verdict of the jury, would feel that it is a duty to grant a new trial, if the case were submitted to the jury and a verdict rendered in favor of the plaintiff.

4. Where an action is brought to recover damages, and such damages are alleged to have been caused by the negligence of the railway company in failing to equip its engines with proper spark-arresters and devices to prevent the scattering of fire, and in failing to keep such engines in proper repair, and by negligence in the opera-

tion of its trains, where the plaintiff's proof shows facts and circumstances which clearly show that the fire was set by sparks from the railway company's engines, then it will be presumed that the negligence of the railway company arose, and the railway company was then required to negative every fact proven by the plaintiff which inferred and gave rise to the presumption of negligence, and such proof should be of such character and degree as to make the defendant's case clear and satisfactory that there was no negligence, and must negative every act on the part of the company which would constitute negligence, and where the evidence as a whole may cause different persons to form different conclusions as to whether or not there was negligence, the question of negligence should be submitted to the jury.

5.  Where the evidence shows that a certain engine which passed the point where the fire started was properly equipped and provided with appliances to prevent the emitting of sparks, and the evidence also shows that another train also passed the point where the fire was started within a short time before the fire, and there is no evidence which tended in any way to show that the latter engine was skillfully handled or properly equipped, and the evidence does not show the kind of fuel used by either engine, and there is evidence which shows that difference in fuel makes a difference in the quantity and nature of sparks thrown by the engine, and that an engine might be equipped with the best spark-arrester, and with one kind of fuel would throw sparks and pieces of live coal out on the ground, and with another kind of coal sparks would not be emitted, such evidence presents a question of negligence which would be determined by the jury.

6.  Where the proof shows that a railroad company has used a right of way and operated trains over the track on the same for many years, and has fenced the same, and there is no evidence in rebuttal of such facts, the evidence is sufficient to show the company has control of such right of way to the extent that it is responsible for negligence in permitting combustible material to accumulate upon such right of way and which becomes ignited from sparks from its engines, and such fire spreads to property outside of said right of way which is thereby damaged.

7.  In an action to recover damages alleged to have been caused by fire from sparks emitted from engines of a railway company, and negligence on the part of the company is alleged on account of combustible material accumulating on its right of way near where the fire occurred, and negligence in equipment and operation, it is proper to receive proof offered by the plaintiff of other fires set by other engines of the railway company in the vicinity of the fire complained of, and which occurred at or about the same time

as the fire involved in the suit, as tending to show a possibility and consequent probability that the fire complained of originated from the same cause shown by such proof.

8. Under the provisions of secs. 4396 and 4397 of the Rev. Codes, it is discretionary with the jury in certain designated cases to find either a general or special verdict, and where the issues are numerous and their nature such as likely to confuse the jury, the court should insist on a special verdict and should formulate the issues into distinct propositions and logical and concise questions, and the power of the court is a discretionary power to determine whether the issues are such that the jury will be aided by the submission of certain questions, where the separate issues are distinctly stated in logical concise questions so that the jury will be able to intelligently answer the same; and unless this discretionary power of the trial court is abused, there is no error in refusing to submit to the jury special interrogatories.

APPEAL from the District Court of the Eighth Judicial District for Bonner County. Hon. R. N. Dunn, Judge.

An action to recover damages for injuries sustained by fire escaping from engines operated by a railway company. Judgment for plaintiff. *Affirmed.*

Edward J. Cannon, and George M. Ferris, for Appellant.

When it is shown that a fire has started shortly after a locomotive has passed, and it is further shown that there were no other fires in the immediate vicinity, a presumption of negligence arises which the defendant must rebut by proof of proper construction and use of proper appliances and careful management and operation of its locomotives, and when the defendant has done this, it is entitled to an instructed verdict in its favor. (*Osborn v. Oregon etc. R. R. Co.,* 15 Ida. 478, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A., N. S., 742; *Smith v. N. P. Ry. Co.,* 3 N. D. 17, 53 N. W. 173; *Spaulding v. Chicago Ry. Co.,* 30 Wis. 110, 11 Am. Rep. 550; *Woodward v. Chicago Ry. Co.,* 145 Fed. 577, 75 C. C. A. 591; *Menominee Co. v. Milwaukee Ry.,* 91 Wis. 447, 65 N. W. 176; *Louisville Ry. v. Marbury Co.,* 125 Ala. 237, 28 So. 438, 50 L. R. A. 620; 3 Elliott on Railroads, 2d ed., 1245.)

A presumption is not evidence of anything. (*Scarpelli v. Washington W. P. Co.*, 63 Wash. 18, 114 Pac. 870.)

While there are some cases which hold that evidence of other fires is admissible, the rule seems to be well settled that the testimony must show that the engines which set the other fires were of similar equipment as the one which it is. claimed set the fire in controversy. (*Lesser Cotton Co. v. St. Louis Ry.*, 114 Fed. 133, 52 C. C. A. 95; *Shelly v. Philadelphia Ry.*, 211 Pa. 160, 60 Atl. 581; *McFarland v. Gulf Ry. Co.* (Tex. Civ. App.), 88 S. W. 450; *Henderson v. Philadelphia Ry.*, 144 Pa. 461, 27 Am. St. 652, 22 Atl. 851, 16 L. R. A. 299; *Crissey & Fowler Lumber Co. v. Denver Ry. Co.*, 17 Colo. App. 275, 68 Pac. 675; *Collins v. New York Ry. Co.*, 109 N. Y. 243, 16 N. E. 50.)

While it is discretionary with the trial court as to whether or not special interrogatories will be submitted to the jury, yet it is a matter which is not left entirely to the discretion of the court, and it is a discretion which must be soundly exercised by the court and is subject to review if not so exercised. (*Burke v. McDonald*, 2 Ida. 679 (646), 33 Pac. 49, 17 Morr. Min. Rep. 325; Clementson, Special Verdicts, p. 51; *Olmstead v. Dauphiny*, 104 Cal. 635, 38 Pac. 505; *Floaten v. Ferrell*, 24 Neb. 347, 38 N. W. 732; *Mangum v. Mining Co.*, 15 Utah, 534, 50 Pac. 834; *St. Louis Ry. Co. v. Jones*, 59 Ark. 105, ·26 S. W. 595; *Atchison Ry. v. Lawler*, 40 Neb. 356, 58 N. W. 968; *Phoenix Ins. Co. v. King*, 52 Neb. 562, 72 N. W. 855.)

G. H. Martin, and B. S. Bennett, for Respondent.

A railroad company is bound to keep its track and right of way clear of materials likely to be ignited by sparks issuing from its locomotives. Any negligence of such precaution will render it liable even though its appliances were proper and although it was guilty of no negligence in allowing the fire to escape. This is a duty which is implied in the grant of power to use locomotive engines. (33 Cyc. 1338; Thompson on Neg., 2d ed., sec. 2270; *Diamond v. Nor. Pac. R. Co.*, 6 Mont. 580, 13 Pac. 367; *MacMahon v. Railway Co.*, 2 Cal.

App. 400, 84 Pac. 350; *Hawley v. Railway Co.,* 49 Or. 509, 90 Pac. 1106, 12 L. R. A., N. S., 526; *Fireman's Fund v. Railway Co.,* 46 Wash. 635, 91 Pac. 13; *Smith v. Railway Co.,* 33 Utah, 129, 93 Pac. 187.)

The court will not be warranted in instructing a verdict for the defendant in a case of this kind, unless it would also be warranted in setting aside the verdict of the jury and granting a new trial if the case were submitted to the jury and the jury found for the plaintiff. (*Osburn v. O. R. & N. Co.,* 15 Ida. 478, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A., N. S., 742; *Woodward v. Chicago Ry. Co.,* 145 Fed. 577, 75 C. C. A. 591; *Scarpelli v. Washington W. P. Co.,* 63 Wash. 18, 114 Pac. 870; *McCullen v. C. & N. W. Ry. Co.,* 101 Fed. 66, 41 C. C. A. 365, 49 L. R. A. 642.)

Unless the facts are undisputed and only one inference can be drawn therefrom by reasonable men, then the case is one for the jury. (Thompson on Negligence, 2d ed., secs. 2285–2290; *Atchison Ry. Co. v. Bales,* 16 Kan. 252; *Hemmi v. C. G. W. Ry. Co.,* 102 Iowa, 25, 70 N. W. 746; *Huff v. Railway Co.,* 17 Mo. App. 356; *McCullen v. Railway Co.,* 101 Fed. 66, 41 C. C. A. 365, 49 L. R. A. 642; *Grand Trunk etc. Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36 L. ed. 485; *Manchester v. Ry. Co.,* 46 Or. 162, 114 Am. St. 863, 79 Pac. 60, 69 L. R. A. 475; *Burud v. Great Northern Ry. Co.,* 62 Minn. 243, 64 N. W. 562; *Westside etc. Co. v. Railway Co.* (Iowa), 95 N. W. 193; *Railway Co. v. Geiser,* 68 Kan. 281, 1 Ann. Cas. 812, 75 Pac. 68; *Richardson v. El Paso etc. Co.* (Colo.), 118 Pac. 982; *Lord v. Pueblo S. & R. Co.,* 12 Colo. 390, 21 Pac. 148; *Fireman's Fund etc. v. Railway Co.,* 58 Wash. 332, 108 Pac. 770.)

When the respondent proved by the facts and circumstances that the fire which destroyed his property was set by a spark from one of the appellant's locomotives, the presumption of negligence arose, and the obligation then rested upon the appellant to negative every fact which gave rise to that presumption by such a degree of proof as to make the defendant's case conclusive that there was no negligence. (*Hoff-*

*man v. Railway Co.*, 43 Minn. 334, 45 N. W. 608; *Drake v. Railway Co.*, 79 Miss. 84, 29 So. 788; *Karsen v. Railway Co.*, 29 Minn. 12, 11 N. W. 122; *Cantlon v. Railway Co.*, 45 Minn. 481, 48 N. W. 22; *Spaulding v. Railway Co.*, 30 Wis. 110, 11 Am. Rep. 550; *G. N. Ry. Co. v. Coats*, 115 Fed. 452, 53 C. C. A. 382.)

Evidence tending to show the setting of other fires during the same season and the throwing of sparks and coals from defendant's locomotives is properly admissible as a circumstance tending to show that appellant's engines set the fire which resulted in the damage to the plaintiff, and as tending to show that the defendant was negligent in the construction, equipment or operation of its locomotives.    (*Osburn v. Railway Co., supra; Asplund v. Railway Co.*, 63 Wash. 164, 114 Pac. 1043; *Diamond v. Railway Co., supra; Grand Trunk Ry. Co. v. Richardson*, 94 U. S. 454, 24 L. ed. 207; Shear. & Red. on Neg., 491; 10 Ency. of Ev. 553; Thompson on Neg., 2d ed., sec. 2294; *Dunning v. Railway Co.*, 91 Me. 87, 64 Am. St. 208, 39 Atl. 352; *Sheldon v. Railway Co.*, 14 N. Y. 218, 67 Am. Dec. 155; *Florida East Coast Ry. Co. v. Welch*, 53 Fla. 145, 12 Ann. Cas. 210, and note p. 218, 44 So. 250.)

It would not be necessary, nor would the court be required, to submit special interrogatories where at the same time the court gave instructions particularly covering the special interrogatories.    (Abbott's Trial Brief on Civil Jury Trials, 2d ed., 466.)

Interrogatories may be and are properly refused when they are not conclusive of the right of either party to a verdict. (*Kalbus v. Abbot*, 77 Wis. 621, 46 N. W. 810; *Goesel v. Davis*, 100 Wis. 678, 76 N. W. 768; 38 Cyc. 911, and cases cited.)

STEWART, C. J.—This action was brought by the respondent against the appellant to recover damages for the loss of personal property alleged to have been caused by fire set from one of appellant's locomotives near the station of Cocolalla, Idaho, on or about the 20th day of August, 1910. It is alleged in the complaint that the fire was caused by the negligence of the appellant in the following respects: First,

in permitting combustible material to accumulate and remain on its right of way where the fire originated; second, in failing to equip its engines with proper spark-arresters and devices to prevent the scattering of fire and in failing to keep such engines in proper repair.

The cause was tried to a jury and a verdict rendered in favor of plaintiff for the sum of $1,889, and judgment was rendered for this sum. A motion for a new trial was made and overruled, and this appeal is from the judgment and from the order overruling a new trial.

Counsel for appellant assign thirty-seven errors, and in their argument group such assignments under the following propositions: 1. Rulings with reference to the operation and equipment of locomotives. 2. Rulings with reference to combustible materials on appellant's property. 3. Admission of evidence of fires started by other locomotives. 4. Refusal of court to submit to the jury requested special interrogatories· or special verdicts. 5. Rulings of the court with reference to directed verdict and new trial.

The facts in this case are substantially as follows: The railway company constructed its right of way fences 100 feet from its main track; grass, dried wood, old logs, moss and other combustible materials had been allowed to accumulate along the bank of the right of way and upon a little knoll where the fire was first discovered, about 12:30 P. M. on August 20, 1910, and when the fire was discovered it was about thirty or forty feet east of the center of the main track of the railway company; the fire burned across the right of way of the railway company and thence across lands adjoining, to the property of the respondent. One of the appellant's freight trains passed the point where the fire originated about 11:30 A. M. going west toward Spokane, and No. 42, a passenger train, passed said point going east toward Sandpoint at 11:54 A. M. A fruit special going east arrived at Cocolalla about 11:30 A. M. and left about 3 o'clock P. M. The dispatcher who had charge of trains upon said road testified that there was no freight train passed the point at 11:30 where the fire originated. There are a number of

witnesses who testify in the case that there. was no source from which the fire could have originated except from one of the appellant's locomotives, and there are a number of witnesses who gave evidence tending to show that the locomotives of the appellant were out of order, negligently handled and negligently equipped, and were not equipped with spark arresting devices which prevented the emission of sparks upon the right of way and adjacent property, and that this condition existed for a period of time before the fire occurred, and that other fires had occurred at more than 300 feet from appellant's track.

The evidence of the inspector of engines upon behalf of the appellant shows that the three engines, No. 287, pulling the passenger train No. 42, going east at about 11:54 A. M., No. 677, pulling a fruit special going east at about 11:30 A. M., and No. 1525, pulling a freight special arriving at Cocolalla at 11:30 A. M. and leaving at 3 o'clock P. M., were the only trains which passed Cocolalla between the hours of 11:30 and 1:18.

We will dispose of the many questions presented upon this appeal in the order and as grouped above.

The questions arising under the first group consist in rulings made by the trial court upon motions of appellant to withdraw from the jury the question of negligence of the appellant in allowing combustible material to accumulate upon its track, and the question of negligence in failing to properly equip its locomotives with appliances for preventing the escape of fire, and improper repair, and also certain instructions as to the right of the plaintiff to recover, in case the jury found from the weight of evidence that the fire originated near the track of the appellant and spread over the plaintiff's premises and destroyed his property, and that such fire was started by sparks emitted from one of the defendant's locomotives, and that such locomotive was not properly equipped with a good and sufficient spark-arrester, or that said locomotive was not in the care of a skilful operative, or that such fire originated from the failure to observe due care in the operation of the locomotive at the

time and place, and other instructions covering the same subject.

In support of appellant's contention it is argued that the respondent relies wholly upon the presumption of negligence, and upon failure of respondent to introduce testimony which would show that the appellant was guilty of any negligence in operating its locomotives or in the manner in which the same were equipped for the purpose of preventing the escape and spread of sparks; inasmuch as the appellant introduced evidence showing that the locomotive which passed the point where the fire originated at or about the time the fire occurred was operated by a competent employee, and was of standard make, in good repair and properly equipped, therefore the appellant was entitled to have withdrawn from the consideration of the jury the question of appellant's alleged negligence in the operation of its locomotives, and also the question of negligence in the manner of operation and equipment and repair; and therefore the court erred in not sustaining the motion to withdraw such question from the jury, and also in giving the instructions to the jury that the plaintiff was entitled to recover notwithstanding such proof; and in support of this position appellant cites the case of *Osburn v. Oregon R. Co.*, 15 Ida. 478, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A., N. S., 742. We do not think that the above case supports the rule of law contended for by the appellant. We understand this court to have held in the above opinion that in an action to recover damages for loss by fire by reason of the negligence of the railway company in its equipment and operation of the engines drawing the railway company's cars, where the evidence proves that the fire which caused the damage came from the sparks from the railway company's engines, such evidence proves a *prima facie* case and is sufficient to entitle the plaintiff to recover for negligence on the part of the railway company in its equipment and operation of its engines drawing the railway company's trains, and that upon such proof being made, the burden then shifts to the defendant to rebut this presumption of negligence. In other words, where such proof is

made on the part of the plaintiff, a *prima facie* case of negligence is proven, and the company charged with negligence is required to overcome such proof by offering proper rebutting proof. This presumption of negligence on the part of the railway company is inferred from proof which shows that the fire was caused by sparks from the railway company's engines. In the case now under consideration the evidence of the plaintiff clearly and without contradiction establishes the fact that a fire was ignited and started on or near the right of way of the appellant railway company and spread to the premises of the respondent, and that such fire caused the damages sued for in this action. Under the rule announced in the Osburn case, *supra,* when such proof was made the fact of negligence is presumed, and this presumption arises from the facts showing the fire, and that the fire was caused by sparks from the engines of the appellant.

In addition to the authorities cited in the Osburn case we call attention also to the following: *McCullen v. Chicago & N. W. Ry. Co.,* 101 Fed. 66, 41 C. C. A. 363, 49 L. R. A. 642; *Great Northern Ry. Co. v. Coats,* 115 Fed. 452, 53 C. C. A. 382. In the latter case Judge Thayer, in discussing this question, says: "The testimony introduced by the plaintiff, that his property had been destroyed by a fire kindled on the right of way of the railroad by coals, cinders, or sparks emitted by a passing locomotive, if the jury believed such to be the fact, as they must have done, cast on the defendant company the burden of overturning the presumption of negligence thus raised; that is to say, the burden of showing that the locomotive was properly handled or operated, and that due care had been exercised in the construction and equipment of the same and in keeping it in repair, so as to prevent the emission of cinders and sparks, so far as that end could be attained, without impairing its efficiency. . . . . This presumption could only be overcome by testimony, and, unless we apply to this class of cases a rule different from that which is applied in other cases, it was the province of the jury to determine the weight that should be accorded to the testimony which was introduced for that purpose, and

also to determine the credibility of the witnesses who testified on that subject.''

This in our opinion is the rule announced in *Osburn v. Oregon R. Co., supra,* and is the correct rule to be applied to the facts of this case. In the Osburn case this court also announced the rule that in such cases where damages are sought to be recovered on account of the negligence of the company in operating its trains, and because of such negligence sparks are emitted from its engines and fires are ignited and property is destroyed and damages result therefrom, in a suit to recover for such damages the plaintiff may recover, in the absence of clear and satisfactory evidence on the part of the railway company showing the absence of negligence, and such evidence upon the part of the plaintiff may be circumstantial as well as direct evidence, and the negligence of the railway company in its equipment and operation of its engines may be inferred, and results from proper proof on the part of the plaintiff showing that the fire resulted from sparks coming from the engines operated by the railway company. In such case it is not error for the trial court to refuse to withdraw questions of negligence from the consideration of the jury or to instruct a verdict for the defendant, unless the facts are undisputed or are so conclusively proven that the court, in view of the verdict of the jury, would be compelled to grant a new trial if the case were submitted to the jury and a verdict rendered for the plaintiff. This question is fully discussed by Thompson on Negligence, 2d ed., secs. 2285–2290.

In the case of *Lord v. Pueblo Smelting & Refining Co.,* 12 Colo. 390, 21 Pac. 151, the supreme court of Colorado announces the correct rule upon this subject as follows: ''Where there is no conflict in the testimony bearing upon the subject either of negligence or contributory negligence, the court may, in a clear case, treat the question as one of law, and grant a nonsuit, or direct a verdict; but when the determination of the question depends upon the inference to be drawn from a variety of facts and circumstances, in the consideration of which there is room for a substantial differ-

ence of opinion between intelligent and upright men, then the question should be submitted to the jury under appropriate instructions, even though there be no conflict in the testimony.''

In the case of *Richardson v. El Paso Consol. Gold Min. Co.* (Colo.), 118 Pac. 986, the Colorado supreme court affirms the foregoing doctrine and says: ''When the questions of negligence or contributory negligence depend upon facts to be determined from conflicting evidence, or from inferences to be drawn from facts and circumstances of that character that different intelligent minds may honestly reach different conclusions, they should be left to the determination of the jury.''

In the case of *Hemmi v. Chicago G. W. Ry. Co.*, 102 Iowa, 25, 70 N. W. 746, the supreme court of Iowa lays down the rule as follows: ''If it be conceded there was no fault in the engine or its management, it cannot be said, as a matter of law, that the fire was not a result of negligence. But, if this were not the rule, the point relied upon by appellant is of no avail, for the reason that we have expressly held that in such cases there is a conflict in the evidence,—the *prima facie* case of negligence made by the plaintiff standing on one side of the issue, and the direct evidence of the defendant as to its care and diligence upon the other,—and that it is the duty of the court to submit such conflict to the jury.'' We also cite in addition the following case: *Karson v. Milwaukee & St. P. Ry. Co.*, 29 Minn. 12, 11 N. W. 122. From these various cases to which we have referred we think the general rule stated is, that where an action is brought to recover damages resulting from a fire caused by sparks emitted from an engine drawing a train over a railway company's right of way, and such damage is alleged to have been caused by the negligence of the railway company in failing to equip its engines with proper spark-arresters and devices to prevent the scattering of fire and in failing to keep such engines in proper repair, and negligence in the operation of its trains, and where the plaintiff presents proof showing facts and circumstances which clearly show that

the fire which destroyed the plaintiff's property was set by
a spark from the railway company's engines, then it will be
presumed that the negligence of the railway company arose,
and that the railway company was then required to negative
every fact proven by the plaintiff which inferred and gave
rise to the presumption of negligence, and that the railway
company was required to produce evidence showing such a
degree of proof as to make the defendant's case conclusive
that there was no negligence, and that such evidence must
be broad enough and must negative every act on the part
of the company which would constitute negligence; and
where the evidence as a whole may cause different persons
to form different conclusions as to whether or not there was
negligence, the question of negligence should be submitted to
a jury.

In addition to the cases heretofore cited upon this subject
we add the following: *Hoffman v. Railway Co.*, 43 Minn.
334, 45 N. W. 608; *Drake v. Railway Co.*, 79 Miss. 84, 29
So. 788; *Cantlon v. Railway Co.*, 45 Minn. 481, 48 N. W. 22;
*Great Northern Ry. Co. v. Coats*, 115 Fed. 452, 53 C. C. A.
382.

It is true that a great many cases passing upon this ques-
tion have held to a contrary doctrine, but many of such cases
are clearly distinguishable upon the facts, and it can serve
no purpose to attempt to distinguish these various cases upon
the facts.

From the record in this case it clearly appears that while
the evidence of the appellant's train inspector is clear and
satisfactory as to the equipment of the engine drawing the
passenger train which passed the point where the fire origi-
nated at about 11:54 A. M., and shows that in his opinion
such engine was properly equipped and provided with proper
appliances to prevent the emitting of sparks from the engine,
and if that had been the only train passing at about that
time there might have been a very serious question as to
whether negligence was shown by the plaintiff, yet the evi-
dence in this case also shows that a freight train passed the
point where the fire originated at about 11:30 A. M., and

there was no evidence offered on the part of the appellant company which tended in any way to show that the engine which hauled the freight train was skilfully handled by competent operatives or properly equipped or furnished with proper appliances for preventing sparks escaping and igniting fires, or the kind of fuel used, but there is evidence in the case which shows that difference in fuel makes a difference in the quantity and nature of the sparks thrown by the engine, and that an engine might be equipped with the best spark-arresters in the world, yet with light fuel it would throw sparks and pieces of live coal out on the ground, and that engines will throw live sparks with some kinds of fuel and not with others. As to the engine drawing the freight train, there was no evidence offered showing that the engine was carefully operated by a competent engineer or properly equipped, or in such order as to prevent the emission of sparks which would ignite fire upon the right of way or adjoining lands. It was clearly within the province of the jury in this case to arrive at the conclusion that the fire was caused by sparks from the freight engine and not the passenger engine. No one saw the emission of the sparks.

In this case the evidence also shows specific acts of negligence on the part of the appellant in that it permitted to accumulate upon its right of way at or near where the fire originated combustible material which might have been ignited upon the appellant's right of way and spread to respondent's property. Likewise it is shown by the evidence that fires had been set by the engines of appellant's company at a distance of over 300 feet from its track shortly before the fire involved in this case, and that numerous fires had been set during a short period before the setting of the fire causing the damage in the present case, and that such fires originated near the fire involved in this case.

The question whether the freight or passenger engine emitted the sparks which caused the fire and the question of neglect in the operation and equipment of such engines were questions of fact and proper for the jury to consider in determining the plaintiff's right of recovery. Under

this rule we are satisfied that the trial court committed no error in overruling the motions to withdraw from the jury the question of negligence of the appellant in allowing combustible material to accumulate upon its track, and the question of negligence in failing to properly equip its locomotives with appliances for preventing the escape of fire, and negligence in not keeping its engines in proper repair, and likewise instructions covering such questions.

It is next contended that the court erred in allowing certain proof offered for the purpose of showing the accumulation of combustible material upon the right of way of the appellant. It is urged by counsel for appellant that in case recovery is had for alleged negligence of the appellant in permitting combustible material to accumulate upon its right of way, it was necessary for the respondent to prove that such combustible material had been allowed to accumulate upon the property of appellant, and it is contended that the evidence does not show that the combustible material did accumulate upon the appellant's right of way. This question is hardly worthy of consideration. The evidence clearly shows that the appellant company has used such right of way and operated trains over the same for many years and has fenced the same, and that the line of fence on each side is about 100 feet from the center of the main track; and there is no conflict in the evidence but that combustible material did accumulate upon such right of way, and that the fire originated either in such combustible material or near the same. The appellant company offered no evidence to rebut this evidence or which in any way showed that any other company owned the right of way or had possession of the same or used the same as such. There may be a question whether the evidence offered by respondent showed that the legal title to said right of way was in the appellant, yet under such a state of facts we think there can be no question but that the appellant company is responsible for negligence resulting from the accumulation of combustible material upon such right of way.

It is next argued that the trial court erred in permitting proof offered by plaintiff showing that other fires started by engines of the appellant company occurred upon the right of way and near the right of way at different times prior to the fire involved in the present case. It is argued by appellant's counsel that it is the rule of law, first, that evidence to be admissible must show that the engines which set the fires were of similar equipment to the one which is claimed to have set the fire in controversy; second, that the mere fact that sparks had escaped from other engines and set fires would in no way tend to prove that the appellant company was negligent unless it also be shown that the sparks were escaping in unusual numbers or were of unusual size.

In the case of *Osburn v. Ore. R. etc. Co., supra,* this court held: "Plaintiff did not know and was not able to identify the particular engine that set this fire, but on the trial it was admitted by counsel for the railroad company that if the fire was set at all by the company, that it was done by their engine No. 136 which pulled the excursion train from Wallace to Tekoa on the morning of August 4th. With the engine, therefore, being identified, counsel contends that this evidence of other fires was improperly admitted under the rule above stated. There is one fact that appears in this record which brings the case within the exception instead of the rule. Appellant's division master mechanic, William Dressel, was on the stand and testified as to the condition of the company's locomotives and the spark-arresters that were used on these engines, and particularly as to the condition of engine No. 136. On the cross-examination this witness stated: 'We make it a point to maintain them in the same condition. This engine is not a bit better than the rest of them.' As we understand the law, this evidence placed appellant's locomotive No. 136 in a class with the other locomotives that it was running on this line of road, and showed clearly that it was no better and no safer than any of the others. It was therefore competent and proper for the plaintiff to show the general condition, management and operation of appellant's locomotives generally running on that

line of road about that time, in order to show that they were in the habit of throwing sparks and live coals to an unusual and unreasonable height and distance and thereby setting fires.''

The facts thus shown in the Osburn case are almost identical with the facts in the present case and the proof was almost the same in both cases. In the case now under consideration the evidence is not clear as to the identity of the engine which caused the fire. The evidence was sufficient to justify the jury in concluding that it was caused either from the engine attached to the passenger train which came into Cocolalla at 11:54 A. M. or the engine drawing the freight train which came into Cocolalla at 11:30 A. M. No witness testified that sparks were seen to escape from any particular engine which might have caused the fire causing the injury in the present case, or that sparks were seen to escape from any particular engine at any other time, and the evidence to prove such facts is purely circumstantial, and circumstantial evidence may be resorted to in such cases, and is sufficient to prove a *prima facie* case of negligence.

We again approve the rule announced in the Osburn case, and add the following authorities: *Florida etc. Ry. Co. v. Welch,* 53 Fla. 145, 12 Ann. Cas. 210, 44 So. 250; Thompson on Negligence, 2d ed., sec. 229; *Taffe v. Oregon etc. Co.* (Or.), 117 Pac. 989; *Big River etc. Co. v. Railway Co.,* 123 Mo. App. 394, 101 S. W. 636. It is true that authorities may be cited which do not adhere strictly to this rule. (*Lesser Cotton Co. v. St. Louis Ry. Co.,* 114 Fed. 133, 52 C. C. A. 95; *Shelly v. Philadelphia Ry. Co.,* 211 Pa. 160, 60 Atl. 581; *McFarland v. Gulf Ry. Co.* (Tex. Civ. App.), 88 S. W. 450; *Henderson v. Philadelphia Ry. Co.,* 144 Pa. 461, 27 Am. St. 652, 22 Atl. 851, 16 L. R. A. 299; *Crissey & Fowler Lumber Co. v. Denver Ry. Co.,* 17 Colo App. 275, 68 Pac. 675; *Collins v. New York Ry. Co.,* 109 N. Y. 243, 16 N. E. 50.)

From these authorities we deduce the following rule governing the liability of a railway company and the admissibility of evidence of other fires: That in an action to recover damages alleged to have been sustained by a property owner

adjoining or near a railway right of way, where it is alleged that such damages resulted from sparks emitted from engines of the railway company by reason of the negligence of the railway company in permitting combustible material to accumulate on its right of way near where the fire occurred, and negligence in equipment and operation of its engines, it is proper to receive in evidence proof offered by the plaintiff of other fires set by other engines of the railway company in the vicinity of the fire complained of and which occurred at or about the same time as the fire involved in the suit, as tending to show a possibility and, consequent probability that the fire complained of originated from the same cause shown by such proof; and that this rule prevails not only in cases where the particular engine causing the fire is not identified, but also where the engine emitting the sparks which causes the fire is identified, and such evidence shows that the particular engine identified is equipped in the same manner and operated by persons of the same skill as the other engines used and operated over said road, and which caused the other fires.

We are satisfied, therefore, that the trial court did not err in its rulings admitting evidence of fires started by other locomotives.

It is next urged that the trial court erred in refusing to submit to the jury special interrogatories requesting the jury to find upon specific questions. These questions were as follows:

"1. Was there any negligent operation of any of the engines of the defendant by the point where the fire originated at or near the time the fire started?

"2. Were any of the appliances upon any of the engines of the defendant which passed the point where the fire originated defective or out of repair?

"3. If you answer No. 1 in the affirmative, state what engine was negligently operated.

"4. If you answer No. 2 in the affirmative, state upon what engine the appliances were defective or out of repair."

Respondent made the objection to the proposed interrogatories upon the ground that they are misleading and do not tend to aid either the court or the jury to determine the issues, and that interrogatories Nos. 1 and 2 are especially misleading for the reason that under the evidence in the case, while the jury might find that the engines were operated, as far as the engineers operating the same were concerned, properly, yet the company might have been negligent in the use of a certain kind of coal, which if used would throw sparks through the spark-arresters used, and if other kinds of coal had been used the company was not negligent, and in this case the company failed to show that the special kind of coal which would not throw sparks was used, even on the engine shown by the appellant's evidence to have been properly equipped and operated; and that the jury could have been easily misled by interrogatories Nos. 1 and 2 because of this evidence.   The question of the negligence of the railway company was the real question in this case, and from the evidence, whether the railway company was negligent in permitting combustible material to accumulate on its right of way, and was negligent by reason of not supplying its engines with proper equipment, and was negligent in the operation of such engines in the use of proper coal, notwithstanding such equipments, were matters of fact to be determined by the jury, and if special interrogatories were to be submitted to the jury, such interrogatories should have been formed in such manner as to in no way mislead or misdirect the jury.

Sec. 4397, Rev. Codes, provides: "In an action for the recovery of money only, or specific real property, the jury, in their discretion, may render a general or special verdict. . . . . ''   In the case of *Shaw v. Manville*, 4 Ida. 369, 39 Pac. 559, this court, in discussing said question, says: "This was an action for the recovery of money only.   Neither the court, by instructions, nor counsel, by stipulation, could enforce the finding of a special verdict by the jury.''   This section of the statute seems to vest in the jury the discretion of returning either a general or special verdict in actions for the

recovery of money only, and this case is an action to recover damages, or money, the value thereof.

In the case of *Burke v. McDonald,* 2 Ida. 679 (646), 33 Pac. 49, 17 Morr. Min. Rep. 325, in referring to the above-quoted section of the statute this court says: "Certainly the court must submit only those material, and only in such number and form as will aid, and not bewilder, the jury. Is this a matter left entirely to the discretion of the court? It might be so held if the statute were designed alone for the convenience of the court, but it is not. On the contrary, its object is to aid the jury to the proper conclusions, and to promote justice in the administration of the law. It is a discretion that must be soundly exercised by the court, and subject to review as any other discretionary power when not properly exercised. The complicated nature of the issues in this case is such as to render it one in which special issues should be submitted, if ever necessary in any case, and the court's error in refusing the request of appellants in this matter is also cause for reversal."

Under this holding of the court it would seem that it is discretionary with the jury in certain designated cases to find either a general or a special verdict, and where the issues are numerous and in their nature such as are likely to confuse a jury, the court should insist on a special verdict and should formulate the issues into distinct propositions and logical and concise questions. The object and purpose of the statute, and also sec. 4396, are evidently intended to apply to cases in which there are complicated and different issues. In such cases the court has the discretionary power to determine whether the issues are such that the jury will be aided by the submission of certain questions where the separate issues are distinctly stated in logical concise questions so that the jury will be able to intelligently answer the same, and by so doing reach such a general conclusion as is required under the law and the evidence in the case, and unless this discretionary power in the trial court is abused, there is no error in refusing to submit to the jury special interrogatories. We are inclined to think that the contention made by counsel for respondent is

correct. These several questions were all covered by specific testimony given at the trial and likewise fully covered by the instructions of the court given to the jury, and the appellant could not have been in any way prejudiced by reason of the trial court not submitting such questions to the jury by special interrogatories.

Under group 5 of errors certain rulings of the court with reference to directing a verdict and granting a new trial are urged upon the ground that no negligence was proven by plaintiff as to the operation of the locomotives in question, or the equipment or repair of the appliances upon the same for the prevention of the spread of fire, and because proof was not offered that the combustible material in question had accumulated upon property owned by the appellant, and that the trial court erred in denying the appellant's motion for withdrawing from the consideration of the jury the question of negligence in the operation and equipment of the plaintiff's engines, and that the court also erred in admitting testimony showing other fires. These various questions have been considered with other questions urged under the other groups of errors, and do not require any further consideration.

From a careful consideration of the evidence, and a due regard to the law governing cases of this kind we are satisfied that there are no errors presented upon this appeal which would justify a reversal of the judgment, and that the trial court did not err in refusing to grant a new trial. The judgment is *affirmed.* Costs awarded to respondent.

Ailshie and Sullivàn, JJ., concur.