J. W. McCLELLAN *vs*. ST. PAUL, MINNEAPOLIS & MANITOBA RY. CO.

Submitted on briefs May 7, 1894. Affirmed July 5, 1894.

No. 8870.

**Either or both of two joint tort feasors liable.**

If two fires have been set, the origin of one or both of which can be traced to the negligence of a party or parties, either or both of these parties can be held responsible for resulting damages in case the fires mingle and concurrently destroy property.

**Possession prima facie evidence of title to chattels.**

> The plaintiff in this action, which was brought to recover the value of hay and railroad ties said to have been burned by a fire set by defendant's locomotive, claimed to be the owner of 60 tons of hay which was destroyed. He cut the grass, and made all of the hay. He was in actual possession, under claim of title, of the land from which he obtained 45 tons of the hay. *Held,* that it was not necessary for him to prove paper title to the land on which he cut the grass, and that, at least as to the 45 tons, he made a prima facie case for recovery of its value.

**Fire set by locomotive.**

> *Held,* further, that the evidence was sufficient to justify the finding that the defendant's locomotive set the fire which, by itself or in conection with another fire set about the same time, destroyed plaintiff's property.

Appeal by defendant, St. Paul, Minneapolis and Manitoba Railway Company, from a judgment of the District Court of Mille Lacs County, *L. L. Baxter,* J., entered October 4, 1893, on a verdict for $764.10.

*M. D. Grover* and *George H. Reynolds,* for appellant.

*Bruckhart & Brower,* for respondent.

COLLINS, J. The evidence in this case conclusively established that hay and ties claimed by plaintiff as his property were destroyed by fire about October 6, 1889. The fire had been raging for several days. The ties had been piled up for delivery to defendant company on its right of way, and were there destroyed, while the hay was in stacks upon a meadow not far distant. It was shown that some days before, about October 1st, a small fire was seen to break out on defendant's right of way, north of and close to the track, immediately after a freight train which had parted in two was coupled up at that point, and had proceeded on its way. The witness who first saw the fire was walking along the track behind the train, and, when he passed (about fifteen minutes after the train started up), the fire was burning briskly, and running in a northerly direction. This witness saw the fire the next day, and it had then burned over quite an area. Another witness saw the fire about half an hour after it broke out, and, for several days afterwards, until it had reached the plaintiff's ties, was engaged with him in an effort to put it out. That this fire was not kept under observation during all of each of the nights which intervened between the day it was first seen and that on which the hay and ties were destroyed

would not of itself prevent a recovery, if the testimony as to the manner and direction in which it seems to have burned was sufficient to satisfy the jury that, although left at times in the hope that it had been extinguished, it again broke out and resumed its way. And it evidently was sufficient. Taking the evidence as a whole, it fairly established that the fire which was seen soon after the train passed, in close proximity to the track, and on the north side of it, spread in a northerly direction, and that the property in question was burned by it, unless the testimony of the two witnesses referred to and of other persons was completely rebutted and overthrown by. that of the witness Dean as to another fire, which in no manner was shown to have been caused by defendant. He stated that, about October 1st, he went with some men in defendant's employ to fight a fire near which plaintiff's ties were burned, and found it burning on the south side of the track. The witness stayed there until the fire crossed the track to the north side,—that on which plaintiff's hay was stacked and ties piled. As before stated, defendant was not shown to be responsible for this fire; so that, if the plaintiff's loss was solely the result of this fire, defendant was not liable. We do not agree with counsel for defendant that the conclusion from the testimony is irresistible that the fire which was seen immediately after the train passed was that which crossed the track from the south to the north side. If both of these witnesses were to be believed, the fires were wholly separate,—one originating south, the other north, of the track; possibly about the same time, for it was a very dry and windy season of the year. We are of the opinion that, while the proof was not very convincing, it was quite sufficient to justify the jury in concluding that defendant's locomotive set the fire which, by itself or in connection with the other fire shown to have been started in that vicinity about that time, burned the hay and ties, especially in the absence of any testimony to the contrary. It was of the same character and fully as convincing as that considered sufficient in *Hoffman* v. *Chicago, M. & St. P. Ry. Co.*, 40 Minn. 60, (41 N. W. 301.)

The court was requested by counsel for defendant to instruct, in substance, that if there were two fires,—one starting on the south side of the track, with which the defendant was in no way connected, and one starting on the north side, with which the company had

been connected,—both running in a northerly direction, towards the same place, at about the same time, the verdict should be for defendant. The court properly refused to so instruct. Both fires might start in the manner stated, both run in a northerly direction, towards the same place, about the same time, and yet wholly distinct and separate; one doing damage to plaintiff's property, the other having no part in the damage. The point argued by counsel in their brief as to this refusal was not raised by the request.

By the sixth assignment of error, counsel for defendant call attention to a part of the charge as to the liability of one party, to whom negligence in setting one fire has been traced, where two have met, mingled, and then destroyed property. The instruction complained of was really more favorable to their client than it should have been. If two fires have been set, the origin of one or both of which can be traced to the negligence of a party or parties, either or both of these parties can be held responsible for resulting damages in case the fires mingle. All of the legal consequences of being joint wrongdoers must follow, one being that each is liable to the full extent of the damages growing out of the wrongful acts; or, as it is sometimes said, where the injury is the result of two concurring causes, one party is not exempt from full liability, although another party is equally culpable.

In the fifth subdivision of their brief, counsel for appellant contend that there was no competent evidence as to respondent's ownership of the hay, for the value of which the verdict was rendered. It was not necessary for the respondent to show paper title to the land on which the grass was cut from which the hay was made. He cut grass, and made 60 tons of hay, all of which was burned. He was in actual possession, under claim of title, of the land from which he obtained forty five tons thereof, according to his own estimate. As to this amount, at least, he made a *prima facie* case for recovery, and appellant made no attempt to rebut it. Evidently, he was allowed by the jury the value of forty five tons of hay, and no more; the balance of the verdict being for the value of the ties and for interest.

Judgment affirmed.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 978.)