(September 16, 1913.)

## O. B. MILLER, Respondent, v. NORTHERN PACIFIC RAILWAY CO., Appellant.

[135 Pac. 845.]

NEGLIGENCE AND DAMAGES—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS— DAMAGES CAUSED BY UNION OF AGENCIES—RESPONSIBLE AND IRRESPONSIBLE AGENCIES.

1.  Evidence in this case examined, and *held* that it was sufficient to go to the jury upon the question of the efficient or proximate cause of the injury and the negligence causing the injury.

2.  The following instruction held to be a correct statement of the law applicable to the facts of this case:

"A person who negligently sets a fire is responsible for the damage done by it although such fire is joined by a fire set by another person and the two concurrently do the damage, if it appears that the first fire would have done the damage without the assistance of the second fire.

"And so, in this case, if you find that the defendant negligently set a fire about one-half mile north of Cocolalla and that such fire spread from there to the plaintiff's premises and damaged his property, then you should find a verdict for the plaintiff even though you find that another fire mingled with said fire so set by the defendant, unless you should find that the fire so set by the defendant would not have done the damage to the plaintiff's property without the assistance of the other fire."

3. *Held*, that appellant's requested instruction No. 30 did not correctly state the law and was properly rejected.

4. *Held*, that the following instruction states a correct principle of law which might properly be given where the facts of the case involve such question:

"The court instructs you that if you find from the evidence that the damage to plaintiff's property was caused by two or more fires uniting, and that only one of these fires was traceable to the fire alleged to have started on or near the Raymond property, the other fires or any one of them not being traceable to any responsible origin, but being of such efficient or superior force that it would have produced the damage to plaintiff's property regardless of the fire which started on or near the Raymond property, then I instruct you that the plaintiff cannot recover and your verdict must be for the defendant."

5. Where two independent causes,—one of responsible, the other of irresponsible origin,—unite or concur in producing an injury so as to contribute to the plaintiff's damage, in so much that it can be said with reasonable certainty that the act of the defendant caused the injury and that the other and concurring cause set in motion by an irresponsible or unknown agency would not alone have sufficed to produce the injury, the defendant will be held liable. But if the other cause or superior force would have, at the same time and place, produced the same damage, whether defendant had been negligent or not, his negligence is not deemed the cause of the injury.

6. No one is liable for damages sustained by reason of the act of God or the forces of nature, but whoever by his wrongful act augments, diverts or accelerates those forces in such manner as to injure another is liable in damages therefor.

APPEAL from the District Court of the Eighth Judicial District for Bonner County.    Hon. Robert N. Dunn, Judge.

Action for damages. Judgment for plaintiff. Defendant appeals. *Affirmed.*

George M. Ferris and Edward J. Cannon, for Appellant.

"To establish a theory by circumstantial evidence the known facts relied upon, as a basis for the theory, must be of such a nature and so related to each other that the only reasonable conclusion that may be drawn therefrom is the theory sought to be established." (*Chicago Ry. v. Rhoades*, 64 Kan. 553, 68 Pac. 58; *Asback v. Chicago etc. Ry.*, 74 Iowa, 248, 37 N. W. 182; *Carruthers v. Chicago etc. Ry.*, 55 Kan. 600, 40 Pac. 915; 17 Cyc. 817; 3 Ency. of Ev. 67; *Ruppert v. Brooklyn etc. Ry.*, 154 N. Y. 90, 47 N. E. 971; *Cawley v. Baltimore Ry.*, 44 Pa. Supr. Ct. 340.)

The mere fact that a fire started on the Case place of and in itself proves nothing, and this is all that respondent has proven in this case. (*Thorgrimson v. Northern Pac. Ry.*, 64 Wash. 500, 117 Pac. 406.)

There must be some limit beyond which the main fact cannot be found from inference, else parties circumstanced like the defendant was may be held liable for all fires, occurring in the vicinity of their tracks, that can, by any possibility, be attributed to their conduct, unless able to prove that the fires are not so caused. (*Finkelston v. Chicago Ry.*, 94 Wis. 270, 68 N. W. 1005; *Denver Ry. v. De Graff*, 2 Colo. App. 42, 29 Pac. 664; *Baxter v. Great Northern Ry.*, 73 Minn. 189, 75 N. W. 1114; *Babcock v. Fitchburg Ry.*, 140 N. Y. 308, 35 N. E. 596; *Brennan etc. Co. v. Great Northern Ry.*, 77 Minn. 360, 79 N. W. 1032; *Union Pac. Ry. v. Fickenscher*, 74 Neb. 497, 110 N. W. 561; *O'Brien v. Chicago etc. Ry.*, 102 Wis. 628, 78 N. W. 1084; *Clark v. Grand Trunk etc. Ry.*, 149 Mich. 400, 112 N. W. 1121, 12 Ann. Cas. 559; *Inman v. Railway*, 90 Ga. 663, 35 Am. St. 232, 16 S. E. 958; *Crissey etc. Co. v. Denver etc. Ry.*, 17 Colo. App. 275, 68 Pac. 676; *Stratton v. Union Pac. Ry. Co.*, 7 Colo. App. 126, 42 Pac. 602; *Megow v. Chicago etc. Ry.*, 86 Wis. 466, 56 N. W. 1099; *Denver Ry. v. Morton*, 3 Colo. App. 155, 32 Pac. 345; *Minneapolis S. Co. v. Great Northern Ry.*, 83 Minn. 370, 86 N.

W. 458; *Marvin v. Chicago etc. Ry.*, 79 Wis. 140, 47 N. W. 1123, 11 L. R. A. 506.)

Where an injury accrues to a person by the concurrence of two causes, one traceable to another person under such circumstances as to render him liable as a wrongdoer and the other not traceable to any responsible origin, but is of such efficient or superior force that it would produce the injury regardless of the responsible cause, there is no legal liability. No damage in such circumstances can be traced, with reasonable certainty, to the wrongdoing as a producing cause. (*Cook v. Railway*, 98 Wis. 624, 67 Am. St. 830, 74 N. W. 561, 40 L. R. A. 462, and cases cited.)

B. S. Bennett, G. H. Martin and Davis & Asher, for Respondent.

Circumstantial evidence in civil cases, in order to be sufficient to sustain a verdict, need not rise to the degree of certainty which will exclude every other reasonable conclusion than that arrived at by the jury, and in the solution of questions of fact dependent upon circumstantial evidence, the jury must be left to decide which of two equally plausible conclusions deducible from such circumstances shall be adopted. (*Kansas City etc. Ry. Co. v. Perry*, 65 Kan. 792, 70 Pac. 876; *Railway Co. v. Wood*, 66 Kan. 613, 72 Pac. 215; *St. Louis etc. Ry. Co. v. Dawson*, 77 Ark. 434, 92 S. W. 27; *Monte M. Ry. Co. v. Phillips*, 80 Ark. 292, 96 S. W. 1060; *Adams v. Bunker Hill etc. Co.*, 12 Ida. 637, 89 Pac. 624, 11 L. R. A., N. S., 844; *Louisville etc. Ry. Co. v. Balch*, 122 Ind. 583, 23 N. E. 1142; *Hashman v. Wyandotte*, 83 Kan. 328, 111 Pac. 468.)

Unless the facts are undisputed and only one inference can reasonably be drawn therefrom, then the case is one for the jury. (*Fodey v. Northern Pac. Ry. Co.*, 21 Ida. 713, 123 Pac. 835, and cases therein cited.) And the jury may draw all legitimate inferences which all the testimony will justify. (3 Ency. Ev. 66; *Adams v. Cleveland etc. Ry. Co.*, 243 Ill. 191, 90 N. E. 382; *Modern Woodmen of America v.*

*Craiger* (Ind. App.), 90 N. E. 84; *Bower v. Bower,* 78 N. J. L.
387, 74 Atl. 522; *Snowden v. Bell,* 159 N. C. 497, 75 S. E.
721.)

Where a fire is negligently set and passes across intervening
ground or jumps from one portion of the ground to another,
and so continues until it reaches the plaintiff's premises and
burns his property, he is entitled to recover unless there is
an intervening independent cause for the destruction of the
plaintiff's property. (*Kansas City etc. Ry. Co. v. Blaker,*
68 Kan. 244, 75 Pac. 71, 1 Ann. Cas. 883, 64 L. R. A. 81;
*Milwaukee Ry. Co. v. Kellogg,* 94 U. S. 469, 24 L. ed. 256;
*Louisville etc. Ry. Co. v. Nitsche,* 126 Ind. 229, 22 Am. St. 582,
26 N. E. 51, 9 L. R. A. 750; *Union Pac. Ry. Co. v. McCollum,* 2
Kan. App. 319, 43 Pac. 97; *Atchison etc. Ry. Co. v. Bales,* 16
Kan. 252; 2 Thompson on Negligence, secs. 2291, 2295, 2298,
2302, 2310; *Fent v. Toledo etc. Ry. Co.,* 59 Ill. 349, 14 Am.
Rep. 13.)

The rule announced in the Cook case, cited by appellant,
is contradictory of the rule of law announced in *Union Pac.
Ry. Co. v. McCollum, supra; Thoburn v. Campbell,* 80 Iowa,
338, 45 N. W. 769; *McClellan v. St. Paul etc. Ry. Co.,* 58
Minn. 104, 59 N. W. 978; Thomp. on Neg., secs. 65, 75, 739,
2305; 29 Cyc. 496; 21 Am. & Eng. Ency. of Law, 495.

AILSHIE, C. J.—This action was instituted for the re-
covery of damages for the loss of timber and other personal
property caused by a fire alleged to have been set by one
of the defendant's locomotives. The case went to trial and
resulted in a verdict and judgment in favor of the plaintiff
in the sum of $1,062, from which defendant appealed.

The principal controversy in this case is over the sufficiency
of the evidence to support the verdict. The other points
raised are incidental to this main question.

It appears that two fires were started, one near Cocolalla
station and another in the neighborhood of what is desig-
nated Dufort Spur. It is conceded that respondent's prop-
erty was destroyed by fire. It is also admitted that the
appellant is responsible for the starting of the fire on what is

known as the Raymond property near the Cocolalla station. This court has held in a previous case that the appellant was liable for the starting of the Cocolalla station fire (*Fodey v. Northern Pacific Ry. Co.*, 21 Ida. 713, 123 Pac. 835), and appellant admits in this case that it is responsible for the consequences of that fire. It is also conceded by both parties that the origin of what is known as the Dufort fire is unknown, and that the responsibility for that fire has not been fixed and that it cannot be chargeable to appellant.

The chief controversy, therefore, arose over the question as to which fire was the proximate cause of the destruction of respondent's property. The evidence on this point is voluminous, and if we had to pass on it as an original proposition, we should entertain much doubt and feel considerable uncertainty as to which of these fires was the actual and proximate cause of the destruction of this property. While the two fires had their origin a considerable distance apart, it is claimed by appellant that they eventually burned together. The general course of the wind appears to have been northeast, and respondent's property lay in a northeasterly direction from the origin of each of the fires,—much farther to the north from the origin of the Cocolalla fire than from the origin of the Dufort fire. In other words, Dufort is nearly north of Cocolalla. It is shown, however, from the evidence and is likewise a matter of common knowledge that a great fire like this was, burning over a large area of country extending several miles, would create swirls and cross-currents in the air such as would drive the fire in both directions at a considerable angle to the main current of the wind, and so in this case it was no doubt driven both toward the north and east to a considerable distance and at a considerable angle to the main current of the wind which appears to have been to the northeast. The jury not only heard all of the great volume of evidence that was introduced in the case, but they were taken to make a personal inspection of the land where the fire burned over, and they reached the conclusion that the loss in this case resulted from the

fire set by the railroad company. There is evidence in the record which justified the jury in reaching this conclusion, and we do not feel inclined to disturb their verdict on the grounds of insufficiency of the evidence.

The contention made that the case is built upon presumptions drawn from circumstances is not borne out by the record. It happens that this is a case in which a part of the evidence is circumstantial, but evidence is not to be disregarded or swept aside simply because it is circumstantial.

We had occasion to consider this class of evidence in *Adams v. Bunker Hill etc. Min. Co.,* 12 Ida. 643, 89 Pac. 624, 11 L. R. A., N. S., 844, and said:

"There are very few things in human affairs, and especially in litigation involving damages, that can be established to such an absolute certainty as to exclude the possibility, or even some probability, that another cause or reason may have been the true cause or reason for the damage rather than the one alleged by the plaintiff. But such possibility, or even probability, is not to be allowed to defeat the right of recovery where the plaintiff has presented to the jury sufficient facts and circumstances surrounding the occurrence as to justify a reasonable juror in concluding that the thing charged was the prime and moving cause."

Again, in *Calkins v. Blackwell Lumber Co.,* 23 Ida. 128, 129 Pac. 435, this court, after quoting from the Adams case, said: "Circumstantial evidence is legal evidence, and if the facts are shown by circumstantial evidence, and are such that reasonable men may reasonably differ upon the question whether there was negligence or not, and the jury conclude that there was negligence, the verdict of the jury should not be set aside or reversed."

The foregoing is particularly applicable here. During the same season and at practically the same time that respondent lost his property, numerous fires were raging through that section of the state for more than fifty miles. These were due to different origins, some known and some unknown. The forests were unusually dry, and leaves, dead timber and dry vegetation are readily combustible. Many new fires were

set by sparks and cinders carried in the wind and smoke from other fires. In the case under consideration, the fact that fires were raging is admitted, and that respondent lost his property is also admitted, but resort must be had to circumstantial evidence in order to determine with any reasonable certainty the particular fire which may be said to have proximately caused this injury. In ultimately determining that fact and reaching a conclusion, circumstantial evidence must be considered, and this must necessarily be attended by a certain element of doubt or at least some uncertainty.

The appellant complains of the giving by the court of its instruction No. 14, which is as follows:

"A person who negligently sets a fire is responsible for the damage done by it although such fire is joined by a fire set by another person and the two concurrently do the damage, if it appears that the first fire would have done the damage without the assistance of the second fire.

"And so, in this case, if you find that the defendant negligently set a fire about one-half mile north of Cocolalla and that such fire spread from there to the plaintiff's premises and damaged his property, then you should find a verdict for the plaintiff, even though you find that another fire mingled with said fire so set by the defendant, unless you should find that the fire so set by the defendant would not have done the damage to the plaintiff's property without the assistance of the other fire."

In this same connection and bearing on the same point, the appellant assigns the action of the court as error in refusing to give its requested instructions Nos. 30 and 31, which instructions are as follows:

No. 30: "The court instructs you that if you find from the evidence in this case that the fire which was burning on sec. 29, township 56, range 2 west, on Saturday afternoon, August 20, 1910, crossed the railway tracks and the county road in the vicinity of Dufort Spur and thereafter joined with the fire which started on sec. 32, township 56, range 2 west, and that after these two fires united they burned in a northwesterly direction and burned the property of plain-

tiff, then I instruct you that the plaintiff cannot recover in this action and your verdict must be for the defendant.''

No. 31: ''The court instructs you that if you find from the evidence that the damage to plaintiff's property was caused by two or more fires uniting, and that only one of these fires was traceable to the fire alleged to have started on or near the Raymond property, the other fires or any one of them not being traceable to any responsible origin, but being of such sufficient or superior force that it would have produced the damage to plaintiff's property regardless of the fire which started on or near the Raymond property, then I instruct you that the plaintiff cannot recover, and your verdict must be for the defendant.''

Instruction No. 14, given by the court, was undoubtedly a correct statement of the law. On the other hand, appellant's requested instruction No. 30 was erroneous and should not have been given.

Requested instruction No. 31, above set forth, raises a very interesting legal proposition. Appellant contends that doubt and uncertainty was injected into the case through the evidence admitted as to whether respondent's loss resulted from the Cocolalla fire or the Dufort Spur fire or from a union of the two fires immediately preceding the destruction of respondent's property. It is admitted that, under the authorities, if these two fires were each traceable to a responsible cause and origin, then the appellant would be liable for the whole damage as a joint tort-feasor. (*Union Pac. Ry. Co. v. McCollum*, 2 Kan. App. 319, 43 Pac. 97; 29 Cyc. 496; Thompson on Negligence, sec. 75; 21 Am. & Eng. Ency. of Law, p. 495.) Appellant contends, however, that where two causes combine or come together and destroy property, and one of the causes is traceable to a responsible origin and agent and the other is unknown or is traceable to an irresponsible cause, and it is shown that the property would have been destroyed by the cause which is not traceable to a responsible agent, then a recovery cannot be had against the person who is responsible for setting on foot one of the causes. In support of this contention, appellant cites and relies on the case

of *Cook v. Minneapolis etc. R. Co.*, 98 Wis. 624, 67 Am. St. 830, 74 N. W. 561, 40 L. R. A. 457. In that case, the court considered this question and arrived at the following conclusion:

"The logical deduction from the foregoing is that where an injury accrues to a person, by the concurrence of two causes, one traceable to another person under such circumstances as to render him liable as a wrongdoer, and the other not traceable to any responsible origin, but is of such efficient or superior force that it would produce the injury regardless of the responsible cause, there is no legal liability. No damage in such circumstances can be traced, with reasonable certainty, to the wrongdoing as a producing cause. The one traceable to the wrongdoer is superseded by the other cause or condition, which takes the place of it and becomes, in a physical sense, the proximate antecedent of what follows."

Respondent criticises this case and contends that it is not sound law and should not be followed. In support of this contention, respondent cites sec. 739 of Thompson on Negligence, 2d ed., in which the author, commenting on this case, says:

"The court satisfies itself with the reason that the rule of liability in case of joint wrongdoers does not apply to injuries from a fire into which two independent fires from different directions have merged, each of which would have been separately sufficient to cause the loss, but only one of which can be traced to a responsible agency. The reason would be a good one if properly applied; but the conclusion is so clearly wrong as not to deserve discussion. It is just as though two wrongdoers, not acting in concert, or simultaneously, fire shots from different directions at the same person, each shot inflicting a mortal wound. Either wound being sufficient to cause death, it would be a childish casuistry that would engage in a debate as to which of the wrongdoers was innocent on the ground that the other was guilty. If, in the case above stated, the fire set by the defendant would have, proceeding alone, and did, after mingling with the

other fire, cause the damage, then the plaintiff was liable upon plain principles, founded in many decisions and in the reason already discussed.''

Judge Thompson in his day stood among the highest authorities as a law-writer, and his opinions are always entitled to great consideration. It must be apparent on the slightest reflection, however, that Judge Thompson's illustration employed in criticising this case goes wide ·of the mark. To take a criminal case as an illustration for comparison with a case of this kind is certainly beside the question. The civil law of damages is administered on the theory of compensating one for the loss or destruction of his property where that loss or destruction has been occasioned by the negligent or wrongful act of another. The question of *penalty* or *punishment* does not enter into this branch of the law. *The criminal law is not administered on the theory of compensating the injured party;* indeed, it is impossible to compensate him in any way· by the execution of the criminal law. He can only be compensated on the civil side of the law. The criminal law is administered on the theory of punishment and reform. Again, Judge Thompson's illustration is not only taken from the criminal law, but he takes as an example *two responsible agents.*

The supreme court of Wisconsin was discussing a question in the civil law where two causes had commingled, one set in operation by a responsible agent and the other by an unknown or irresponsible agent. While the discussion of the Cook case is, in a large measure, theoretical and academic, it cannot be gainsaid that it is a logical and well-reasoned case, and the distinction pointed out by the court cannot fail to appeal to the reason of one who will take the time to follow the argument and consider the basic principle upon which damage cases must rest.

The Cook case has been subsequently cited with approval by the same court in *Perrault v. Minneapolis etc. Ry. Co.,* 117 Wis. 520, 94 N. W. 348, and *Geuder etc. Co. v. City of Milwaukee,* 147 Wis. 491, 133 N. W. 835. It has also been cited by the supreme court of Michigan in *Pluchak v. Crawford,*

137 Mich. 509, 100 N. W. 765. In this latter case the supreme court of Michigan, after quoting from the Cook case, says: ''That this is a good law, and clearly expressed, there can, I think, be no doubt.''

The same case was again cited with approval and followed by the supreme court of Minnesota in *Paquin v. Wisconsin Cent. Ry. Co.,* 99 Minn. 170, 108 N. W. 882.

The Cook case, however, differs somewhat in its facts from the case at bar. There the court was able to say upon the facts of the case that the property would have been unquestionably destroyed by the fire caused by an unknown or irresponsible agent, even though the railway company had never permitted any fire to start from its locomotives and had in no way been guilty of any negligence. In other words, the court held that the plaintiff's property in that case would have been unquestionably destroyed at the same time it was destroyed, even though the railroad company had been guilty of no negligence whatever. In the case at bar, we do not opine any such conclusion could have been reached by the jury. When the Cocolalla and Dufort Spur fires came together, if at all, it was a long way from respondent's premises, and the fire consequently had to burn for a considerable length of time and a long distance after the two fires united (if they did unite) before reaching the premises of respondent. At any rate and in any event, it burned as one fire for a long distance before destroying respondent's property.

We do not think there was any legal objection to giving instruction No. 31. Indeed, it would have been entirely proper for the court to have submitted that instruction to the jury. We do not find, however, that the failure to submit that instruction in the light of the other instructions given to the jury was prejudicial to appellant. To advise a jury of this principle of law will ordinarily give them but little assistance, for the reason that it is merely a refinement on the simple and plain proposition that the defendant is only liable where its negligence or wrongful act has caused the injury and is not liable in any other event or contingency.

The condition would seldom arise when a jury, or a court for that matter, could say, as a matter of fact, that the property would have been destroyed anyway by another cause which concurred at the moment of the destruction, even though the party charged was guilty of no negligence or had not contributed in any way toward the injury and loss. This isolated inquiry would often lead only to speculation and confusion. If, for example, a fire had been started in the dry season by lightning, which in such case would be caused by an irresponsible agency, and that fire should immediately spread and at the same time be reinforced and supplemented by and commingled with a fire set by a railway locomotive, a jury or a court might be able to say that the fire started from the lightning would undoubtedly have destroyed the timber anyway, and that consequently the railroad company was not responsible in damages, although negligent, for the reason that the owner would have lost his property anyhow by reason of the "act of God" or of an agency not responsible as a tort-feasor.

This aspect .of the question has received consideration in sec. 39 of the 6th edition of Shearman & Redfield on the Law of Negligence, in which they say:

"It is universally agreed that, if the damage is caused by the concurring force of the defendant's negligence and some other cause for which he is not responsible, including the 'act of God' or superior human force directly intervening, the defendant is nevertheless responsible, if his negligence is one of the proximate causes of the damage, within the definition already given. It is also agreed that, if the negligence of the defendant concurs with the other causes of the jury, in point of time and place, or otherwise so directly contributes to the plaintiff's damage that it is reasonably certain that the other cause alone would not have sufficed to produce it, the defendant is liable, notwithstanding he may not have anticipated or been bound to anticipate the interference of the superior force which, concurring with his own negligence, produced the damage. But if the superior force would have produced the same damage, whether the defendant had

been negligent or not, his negligence is not deemed the cause of the injury.''

Among the authorities cited supporting the latter statement of the text are to be found *Baltimore etc. R. Co. v. Sulphur Springs Ind. School Dist.*, 96 Pa. 65, 42 Am. Rep. 529, and *Bruswitz v. Netherlands etc. Nav. Co.*, 64 Hun, 262, 19 N. Y. Supp. 75.

It is well settled that no one is liable for damages sustained by reason of the acts of God or the forces of nature, but whoever by his wrongful act augments, diverts or accelerates those forces in such manner as to injure another is liable in damages therefor. (*Axtell v. N. P. Ry. Co.*, 9 Ida. 392, 74 Pac. 1075; *Commonwealth Electric Co. v. Rose*, 214 Ill. 545, 73 N. E. 780; *Newcomb v. New York Cent. R. Co.*, 169 Mo. 409, 69 S. W. 348; *Howe v. West Seattle etc. Co.*, 21 Wash. 594, 59 Pac. 495.)

While we think the principle of law contended for by appellant is correct and sound, we do not think the court committed a prejudicial error in refusing to give appellants' requested instruction No. 31. The important and practical principle of law here contended for was embodied in another form in several instructions of the court and given to the jury. In instruction No. 18 the court told the jury as follows: ''The court instructs you that if the evidence, fairly considered, leaves the question in doubt, as to whether the fire was started by sparks from the defendant's engine, or some other fire, started by third persons, so that you are left to guess or speculate as to which fire caused the damage complained of, there can be no recovery by the plaintiff and your verdict must be for the defendant''; and in instruction No. 20 the court said: ''The court instructs you that before the plaintiff can recover in this action it is necessary for the plaintiff to establish by a preponderance of testimony that the fire in question was caused by and through negligence on the part of said defendant, and that also plaintiff must establish by a preponderance of evidence said fire so started by said defendant spread to the property owned by the plaintiff and caused the damages complained of, and unless you find from the testimony that the

plaintiff has established both of these facts by a preponderance of evidence, the plaintiff cannot recover in this action, and your verdict must be for the defendant.'' The same principle embodied in these two instructions was repeatedly set forth in different form and language to the jury in this case, and if they failed to understand the basic principle of the law of negligence and liability which they were expected to follow in this case, they would doubtless have misapprehended it even though appellant's requested instruction No. 31 had been given. They were told all the way through the instructions that before they could find a verdict in favor of the plaintiff they must find that a fire set from defendant's engine was the fire that destroyed the plaintiff's property.

After all, we really come back to the primary question which confronted the jury in this, as it does in all similar damage cases: Did the fire set by defendant destroy plaintiff's property? Or, conversely: Would any other fire have destroyed plaintiff's property at the same time had the fire set by defendant not united with it? (See *Thoburn v. Campbell*, 80 Iowa, 338, 45 N. W. 769; *McClellan v. St. Paul M. & M. Ry. Co.*, 58 Minn. 104, 59 N. W. 978; Thompson on Negligence, sec. 75; 1 Shearman & Redfield on Negligence, 6th ed., sec. 39.) It must be remembered, too, that respondent tendered the issue in this case and produced evidence tending to support him that the Dufort fire never even united or commingled with the fire set by appellant and that the fire set by appellant was the sole and only cause of the injury.

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan and Stewart, JJ., concur.

Petition for rehearing denied.