**NEW ZEALAND LAMB COMPANY, INC., Plaintiff–Appellee,**

**v.**

**UNITED STATES, Defendant–Appellant.**

**No. 97–1446.**

United States Court of Appeals, Federal Circuit.

July 20, 1998.

Edward J. Farrell, Wigman, Cohen, Leitner & Myers, P.C., Washington, DC, argued, for plaintiff–appellee.

James A. Curley, Commercial Litigation Branch, Civil Division, Department of Justice, International Trade Field Office, New York City, argued, for defendant-appellant. With him on the brief were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director, Washington, DC, and Joseph I. Liebman, Attorney in Charge, International Trade Field Office, New York City. Of counsel on the brief were Beth C. Brotman, Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, New York City, and Joan L. MacKenzie, Office of Chief Counsel for Import Administration, Department of Commerce, Washington, DC.

Before MAYER, Chief Judge, and MICHEL and LOURIE, Circuit Judges.

MAYER, Chief Judge.

The United States appeals the April 22, 1997, judgment of the United States Court of International Trade, No. 91–04–00297, which granted New Zealand Lamb Company, Inc.'s motion for summary judgment that it did not owe interest under 19 U.S.C. § 1671f(b) (1988). Because the court erred in interpreting this statute, we reverse.

*Background*

On September 17, 1985, the Department of Commerce imposed a countervailing duty order pursuant to 19 U.S.C. § 1671e (1988) on New Zealand Lamb Company's ("NZL") imports of lamb meat. *See Lamb Meat from New Zealand,* 50 Fed.Reg. 37,708 (Dep't Comm. Sept. 17, 1985) (final affirmative countervailing duty determination and order). The order required NZL to make a cash deposit under 19 U.S.C. § 1671e(a)(3) of 0.3602 NZ dollars per pound. For entries made between December 18, 1985 and July 30, 1986, NZL deposited 0.36 NZ *cents* per pound with the United States Customs Service, which did not detect the error. When the entries were liquidated in December 1989, Customs determined that NZL's countervailing duty deposits were less than the amounts due and billed NZL for the difference, which NZL promptly paid. On March 23, 1990, Customs billed NZL for the interest on the difference between the amounts deposited and the liquidated amounts. NZL filed a protest, which Customs denied. NZL paid the interest and filed suit in the Court of International Trade, which granted NZL judgment on the pleadings. The United States appealed this December 8, 1992, ruling to this court. On November 14, 1994, we vacated the judgment for reasons not relevant here and remanded the case to allow the Court of International Trade to reach the merits of NZL's protest. *See New Zealand Lamb Co. v. United States,* 40 F.3d 377 (Fed.Cir.1994).

On remand, both parties filed motions for summary judgment urging their interpretation of 19 U.S.C. § 1671f(b). The Court of International Trade determined that the interest portion of section 1671f(b) applies only when the goods entered are "subject to an as yet unknown countervailing duty order" and that, for purposes of imposing interest pay-

ments, "[t]he difference between the preliminary amount and the final amount is what is contemplated by the statute." Finding that Commerce had issued a final determination and that Customs had failed to collect the proper amount, the Court of International Trade held that no interest was due. It, therefore, denied the United States' motion, granted NZL's motion, and ordered Customs to refund the interest payment, with interest and costs. The United States appeals.

*Discussion*

We review a grant of summary judgment "for correctness as a matter of law, deciding *de novo* the proper interpretation of the governing statute and regulations as well as whether genuine issues of material fact exist." *Campbell Soup Co. v. United States,* 107 F.3d 1556, 1559 (Fed.Cir.1997) (quoting *St. Paul Fire & Marine Ins. Co. v. United States,* 6 F.3d 763, 767 (Fed.Cir.1993)). Section 1671f(b) provides: "If the amount of an estimated countervailing duty deposited under section 1671e(a)(3) of this title is different from the amount of the countervailing duty determined under a countervailing duty order issued under section 1671e of this title, then the difference ... shall be—(1) collected, to the extent that the deposit under section 1671e(a)(3) of this title is lower than the duty determined under the order ... together with interest as provided by section 1677g of this title." 19 U.S.C. § 1671f(b). Countervailing duty deposits made under section 1671e(a)(3) are deposits made after Commerce has made a *final* countervailing duty determination. *See* 19 U.S.C. § 1671e(a)(3) (deposits required by a countervailing duty order following an affirmative determination under § 1671d(b)).

■ Although the Court of International Trade recognized that section 1671f(b) was at issue, it looked to the legislative history of section 1671f(a), which covers refund and collection of deposits made after a *preliminary* determination. *See* 19 U.S.C. § 1671f(a) (1988) (deposits made pursuant to an order under § 1671b(d)(2)). Senate Report 249, on which the trial court relied, states specifically that interest is payable when the deposits made after a *final* deter-

mination differ from those required by the countervailing duty order, whereas interest is prohibited when the deposits made after a *preliminary* determination differ from those required by the countervailing duty order. *See* S.Rep. No. 96–249, at 59 (1979), *reprinted in* 1979 U.S.C.C.A.N. 381, 445. The Court of International Trade's interpretation that interest is required only where there is a "difference between the preliminary amount and the final amount" is contrary not only to the plain language of the statute and legislative history, but also to the international agreement, compliance with which the statute effected. *See id.* at 60, *reprinted in* 1979 U.S.C.C.A.N. at 446 ("Article 5(6) of the [General Agreement on Tariffs and Trade] prohibits collection of the difference between any security posted during the investigation and the final countervailing duty if the latter exceeds the former. Section 707(a) [now, § 1671f(a)] implements this provision."). Because NZL's deposits under section 1671e(a)(3) were less than the duty imposed by the section 1671e order, NZL must pay interest.

■ NZL argues that it never made deposits "under section 1671e(a)(3)" as a result of Customs' error, but does not identify the type of deposits it made instead. This argument is meritless. Because Commerce had issued a final determination when NZL deposited 0.36 NZ cents per pound on its entries, these deposits were "under section 1671e(a)(3)." NZL also argues generally that "principles of equity" should allow it to escape its obligation under section 1671f(b) because Customs failed to collect the estimated duty specified in the order. To the extent this argument raises the specter of equitable estoppel, it must fail because equitable estoppel "is not available against the Government in cases involving the collection or refund of duties on imports." *United States v. Federal Ins. Co.*, 805 F.2d 1012, 1016 (Fed.Cir.1986) (quoting *Air–Sea Brokers, Inc. v. United States*, 66 C.C.P.A. 64, 596 F.2d 1008, 1011 (CCPA 1979)).

Before the Court of International Trade, the parties disputed the factual issue of whether NZL tendered the proper amount to Customs at the time the goods entered. This dispute need not detain us, however, because the statute's only concern is whether the actual deposits were less than those required by the countervailing duty order. The parties agree that they were. Therefore, no genuine issue of material fact precludes summary judgment for the United States.

*Conclusion*

Accordingly, the judgment of the Court of International Trade is reversed.

*REVERSED.*