UNITED STATES v. GEO. HALL COAL CO.

(Circuit Court, W. D. New York. January 5, 1905.)

CUSTOMS DUTIES—BOARD OF GENERAL APPRAISERS—JURISDICTION—REPAIRS ON VESSELS.

The action of a collector of customs in assessing duty on the cost of repairs of vessels, as provided in section 3114, Rev. St. (U. S. Comp. St. 1901, p. 2032), is subject to review by the Board of General Appraisers, under the provisions of section 14, customs administrative act of June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], giving said board jurisdiction to review decisions of collectors of customs "as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage)."

On Application for Review of a Decision of the Board of General Appraisers.

The decision in question sustained protests by the Geo. Hall Coal Company against the assessment of duty by the collector of customs at the port of Rochester.

Charles H. Brown, U. S. Atty.

George E. Van Keenen, for protestant Geo. Hall Coal Co.

HAZEL, District Judge. Certain vessels enrolled in the United States, owned by the respondent corporation and engaged in transportation of freight from Charlotte and Ogdensburg, in the state of New York, to Canadian ports, were repaired at Kingston, a foreign port. Thereafter, on return to their port of hail, they were held liable by the collector of the port of entry to payment of an ad valorem duty of 50 percentum of the costs of repairs in such foreign port, including the expenses of dockage. The owner protested in writing against the action of the collector upon the ground that a duty on dockage was an unauthorized exaction, not contemplated by section 3114 of the United States Revised Statutes [U. S. Comp. St. 1901, p. 2032], under which section the duty was assessed. The decision of the Board of General Appraisers upon this point was favorable to the owner of the vessels. It held that the expenses of docking a vessel while undergoing repairs in a foreign port is not subject to the payment of a duty. From such decision the United States has filed its petition for review, and contends for the single proposition that the board were without jurisdiction to review the decision of the collector, since the duties were not chargeable upon an importation of merchandise. This proposition, in view of section 3114 of the Revised Statutes, is untenable. The cases cited (Ex parte Fassett, 142 U. S. 479, 12 Sup. Ct. 295, 35 L. Ed. 1087, and The Conqueror, 166 U. S. 110, 17 Sup. Ct. 510, 41 L. Ed. 937) are inapplicable. The question in those cases was whether a vessel brought from abroad is an imported article, within the meaning of the tariff laws. In the Fassett Case it was substantially held, inter alia, that the jurisdiction of the board of general appraisers to review a decision of the collector, in the absence of any other provision giving the collector original authority to levy a duty, was limited to classifications of imported merchandise; and it was further held, in effect, that the col-

lector under the customs revenue laws had no power to hold the yacht (Conqueror) dutiable, it not being an article of merchandise imported from abroad. It will be observed from a reading of these cases that the question here is quite distinguishable. Congress has made appropriate provisions for charging a duty for the equipments or the expenses of repairs made in a foreign port upon a vessel licensed under our laws. Such being the provision of the statute, no doubt is entertained by the court that the customs administrative act of June 10, 1898, c. 407, 26 Stat. 131 [U. S. Comp. St. 1901, p. 1886], confers jurisdiction upon the board by sections 14 and 15 to review the decision of the collector. Clearly, the intention of Congress was to vest the board with power to review the decision of the collector as to all collections of duties which he may be legally authorized to impose upon the "imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage, etc.)" The language just quoted, which is a part of section 14, considered in connection with section 3114, under which the duty was assessed, would seem to be sufficiently comprehensive to clothe the board with power and jurisdiction to review all duties on imports assessed by a collector. In The Conqueror, supra, the Supreme Court again passed upon the question presented in the Fassett Case, viz., whether a vessel was taxable under the tariff laws, on the theory that such a vessel was an article of importation. The court there stated that the law does not mention ships or vessels eo nomine; that vessels were sui generis, and therefore not within the general scope of the tariff act. Here, as we have seen, Congress has specifically provided for taxation of equipments of a vessel or any part thereof, as well as the expenses of repairs made in a foreign country, and the phraseology of the customs administrative act would seem to be sufficiently plain to give the board of general appraisers jurisdiction to review the action of the collector in this class of cases.

The decision of the board is sustained.