(C. D. 889)

PORTLAND CALIFORNIA STEAMSHIP CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 3, 1944)

*Philip Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Frank X. O'Donnell, Jr.*, and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This action comes before this court by reason of the collector's refusal to accede to a protest filed by the plaintiff against an assessment of 50 per centum duty levied under the provisions of section 466 of the Tariff Act of 1930 upon

*The work performed, materials purchased and/or equipment secured,* as covered by item No.'s (a) c amount Shan $1,672.95, (b) c amount Shan $53.20, (c) c amount Shan $20.90, (d) c amounts Ch. $190.00 and Shan $356.25, (f) c amount Shan $205.20, as described under entry V–1–H, *are free of duty under section 3115 of the Revised Statutes as amended by Section 466 Tariff Act of 1930, in that the repairs* to the port and starboard main boilers, the port boiler superheater tubes, the service pump, the main inboard and outboard feed pump, and the ice machine, as carried out at Tsingtao and Shanghai, as described on invoice and entry, *were necessary to be made in a foreign port for the seaworthiness of the vessel to enable her to continue her return voyage to the United States.*

Before the case was called for trial an amendment to the protest was proposed and allowed further claiming "That the items protested are exempt from duty under the provisions of section 466 of said act and section 3115 (1) thereof."

Section 466 of the Tariff Act of 1930, under which duty was assessed and also the authority under which the plaintiff claims exemption from duty, reads as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.
Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; and if the owner or master of such vessel shall willfully and knowingly neglect or fail to report, make entry, and pay duties as herein required, such vessel, with her tackle, apparel, and furniture, shall be seized and forfeited. For the purposes of this section, compensation paid to members of the regular crew of such vessel in connection with the installation of any such equipments or any part thereof, or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or part thereof, or of such repairs.

"SEC. 3115. If the owner or master of such vessel furnishes good and sufficient evidence—

"(1) That such vessel, while in the regular course of her voyage, was compelled, by stress of weather or other casualty, to put into such foreign port and purchase such equipments, or make such repairs, to secure the safety and seaworthiness of the vessel to enable her to reach her port of destination; or

"(2) That such equipments or parts thereof or repair parts or materials, were manufactured or produced in the United States, and the labor necessary to install such equipments or to make such repairs was performed by residents of the United States, or by members of the regular crew of such vessel,

then the Secretary of the Treasury is authorized to remit or refund such duties, and such vessel shall not be liable to forfeiture, and no license or enrollment and license, or renewal of either, shall hereafter be issued to any such vessel until the collector to whom application is made for the same shall be satisfied, from the oath of the owner or master, that all such equipments and repairs made within the year immediately preceding such application have been duly accounted for under the provisions of this and the preceding sections, and the duties accruing thereon duly paid; and if such owner or master shall refuse to take such oath, or take it falsely, the vessel shall be seized and forfeited."

At the trial a port engineer testified for the plaintiff that he had inspected the *Admiral Cole*, the vessel upon which the repairs in question were made, and found that she was in a seaworthy condition when she left the United States upon the voyage during which said repairs were made, and that he had also inspected the vessel after the return thereof to the United States. From such inspection and from his knowledge as an engineer, he was of the opinion that the repairs were required in order to insure the seaworthiness of the vessel. Affidavits of the master of the *Admiral Cole* reveal that extensive repairs were required in foreign ports because of damage to the vessel through stress of weather or other casualty. The repairs here before us are a small portion only of the repairs performed upon the vessel. The Government does not contradict the evidence presented by the plaintiff.

The plaintiff contends that the collector illegally assessed duty upon the items in question; that the classification and assessment under section 466, *supra*, and the decision and liquidation of the collector assessing duty upon said five items are contrary to the law, the facts, and the intent of Congress; and that the same are exempt from duty under said section.

The Government contends that the court is without jurisdiction to review the claims made by the plaintiff as the Secretary of the Treasury is the only person authorized to grant such relief, and that the protest should be dismissed *sua sponta* for want of jurisdiction.

In a well-written 50-page reply brief counsel presents plaintiff's arguments against dismissal of the action before this court, maintaining that the proper interpretation of section 466, *supra*, is that it was the intention of Congress to give to shipowners and operators the right to apply, before the payment of duty, and before liquidation to the Secretary of the Treasury for a remission of the duties proposed to be levied by the collector, or for a refund, where duties were tentatively deposited with the collector; that the Secretary could thereunder remit or refund the duties upon certain limited, specified grounds as mentioned in section 3115 as amended by section 466, *supra*, and that such procedure was provided in order to relieve the ship operators from the necessity of depositing considerable sums of estimated duties, and was not intended nor enacted as a substitute for, or to terminate the right of, appeal to the courts, which, it is

argued, "always theretofore nevertheless existed, from decisions rendered by administrative officials under sections 3114 and 3115 of the Revised Statutes," citing *United States* v. *George Hall Coal Co.*, 134 Fed. 1003; T. D. 26038, 9 Treas. Dec. 194.

It is further contended that since duties are in all events levied by the collector, it is immaterial that the liquidation of the collector resulted from a decision of the Secretary denying exemption, as the right of protest under section 514 prevails against all decisions and liquidations of the collector, whether or not based upon the Secretary's decision.

Counsel for the plaintiff sums up his contentions in language following:

1. That no decision or ruling of the Secretary appears to have been made in the case at bar.

2. That the Government's motion to dismiss is based on a decision or ruling of the Secretary of the Treasury which does not exist in this case, and therefore has no basis in law or fact.

3. That the protest herein, as amended, is not in any event directed against any ruling or decision of the Secretary of the Treasury in this case, but against a decision, assessment and/or liquidation of the collector.

4. That the decision, exaction, liquidation and the duties assessed by the collector, and all matters resulting in the same are properly the subject of, and are covered by, the protest as amended, filed by plaintiff herein.

5. That the decision, exaction, and liquidation of the Collector herein is in any event protestable under Section 514, *supra,* of the Tariff Act of 1930.

6. That this Honorable Court has jurisdiction over this and/or all protests filed under Section 514, *supra,* which includes that filed at bar, as amended.

7. That the case should be decided on the merits, on the record as made at the trial, and according to the weight of evidence and the law involved.

The foregoing contentions answer themselves. As the duty in issue was admittedly levied upon ships' repairs, dutiable at 50 per centum ad valorem under the statute, there is no issue contestable before this court, inasmuch as this tribunal is not concerned with the action of the Secretary of the Treasury under the statutory authority granted him.

Section 3114 of the Revised Statutes, as amended by section 466, *supra,* provides that upon the first arrival in any port of the United States any vessel to which the section applies *shall,* under penalty of forfeiture, *be liable for entry and payment of a duty of 50 per centum ad valorem* on the cost of equipments or repair parts or the labor cost attending the same. *Failure or neglect to make entry and pay duties* subjects the vessel to seizure and forfeiture.

It is admitted that the cost in question was incurred abroad because of repairs made upon said vessel. Therefore the collector under the statute was legally required to assess duty, and his assessment was in accordance with law and clearly within the plain intent of Congress. There is nothing in the statute to indicate that the

congressional intent, in enacting said section, was to provide ship owners with the privilege of applying, before payment of duty and before liquidation, to the Secretary of the Treasury, for a remission of duties so as to relieve them from depositing large sums of money. The statute makes plain that the master shall be liable for entry and payment of duty at the first port of arrival. Clearly, under the strong wording of section 3114, as amended, *supra*, the courts are not authorized to relieve shipowners from the payment of duties upon repairs and equipment within the scope of the statute. Upon the admission that the duty was levied upon the cost of repairs or equipment, there can be no remission thereof except within the scope of section 3115, as amended, *supra*, and there the sole authority for such remission is lodged in the Secretary of the Treasury. His discretion in the matter is not the subject of review.

True, a complaint that a vessel was not such as would come within the purview of section 466, or that the levy was not made upon "repairs," is subject to protest and review by this court upon the merits under the provisions of section 514 in the same manner as a protest against the collector's action in the assessment of duty upon any imported merchandise where it is claimed that the collector incorrectly identified the merchandise.

The plaintiff herein is in error in arguing that the liquidation of duty by the collector was the result of a decision of the Secretary of the Treasury denying an exemption from duty. The liquidation complained about was in accordance with statutory authority, resulting from the collector's assessment of 50 per centum duty. As stated above, this court is not concerned with the provisions of section 466, *supra*, except when a protest is filed with the collector complaining that duty was illegally assessed upon certain articles erroneously decided by him to be equipments or repairs, or granting that such articles are in fact equipments or repairs, and contending that the vessel was not within the class covered by section 466, *supra*. Upon the collector's refusal to accede to such claims, this court, upon evidence presented may, under the provisions of section 514, decide the legality of the assessment. However, such questions are not in issue in this case.

The complaint here is that the work performed, the materials purchased, or the equipment secured are free of duty under section 3115(1) of the Revised Statutes as amended by section 466 of the Tariff Act of 1930. It is argued that a decision or ruling of the Secretary of the Treasury appears not to have been made in this case and as the Government's motion to dismiss is based upon a decision or ruling of the Secretary of the Treasury, it has no basis in law or in fact.

Let us examine section 3115, as amended, *supra*. It certainly is

plainly and unequivocably there set out that *if good and sufficient evidence is furnished* as to stress of weather or other casualty *the Secretary of Treasury is authorized to remit or refund such duties.* This court would have no jurisdiction to decide whether or not the evidence upon which the Secretary of the Treasury refused to act was in fact "good and sufficient" to warrant a remission of duties by him. Were this court to take jurisdiction, it would be attempting to review an action of the Secretary of the Treasury, that is, his decision to refuse to remit or refund duties, and not, as provided in section 514, the action of the collector in assessing duty under the provisions of section 3114, *supra*, which, it will be noted, authorizes the levying of 50 per centum ad valorem, exempting nothing. Section 3115, on the other hand gives to the Secretary of the Treasury the sole authority within his discretion to remit the duty authorized in section 3114, *supra*, when in his opinion good and sufficient evidence is presented that the cost was incurred because of certain circumstances. Had Congress desired this court to have jurisdiction in the matter of deciding when duty should be remitted, it easily could have so indicated in the law.

Plaintiff relies upon the cases of *United States* v. *George Hall Coal Co.*, *supra; Dollar Steamship Lines, Inc., Ltd.* v. *United States*, 5 Cust. Ct. 23, C. D. 362; and *American Line et al.* v. *United States*, T. D. 43625. In the *Hall* case, decided by the Circuit Court, the protest was lodged against the collector's assessment of duty upon certain expenses of dockage, claiming that "dockage was an unauthorized exaction, not contemplated by section 3114 of the United States Revised Statutes * * *, under which section the duty was assessed." The court stated:

* * *. Clearly, the intention of Congress was to vest the Board with power to review the decision of the collector as to all collections of duties which he may be legally authorized to impose upon the—

Imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage), etc. * * *

The language just quoted, which is a part of section 14, considered in connection with section 3114, under which the duty was assessed, would seem to be sufficiently comprehensive to clothe the Board with power and jurisdiction to review all duties on imports assessed by a collector. * * *. Here, as we have seen, Congress has specifically provided for taxation of equipments of a vessel or any part thereof, as well as the expenses of repairs made in a foreign country; and the phraseology of the customs administrative act would seem to be sufficiently plain to give the Board of General Appraisers jurisdiction to review the action of the collector in this class of cases.

As is apparent the foregoing decision is not in point in the case here before us. There the contest was whether dockage fees were to be classed among cost of repair. The collector has so classed them. The Circuit Court held that this court had jurisdiction to decide whether or not said fees were in fact repairs, made dutiable under

section 3114. Here the question is whether or not the evidence before the Secretary of the Treasury was "good and sufficient" to warrant him granting a remission in duties under section 3115, properly assessed by the collector under section 3114.

In the *American Line* case, *supra*, it was claimed that the items upon which duty was assessed did not constitute equipments or repair parts, or materials, or expenses of repairs within the meaning of section 466 of the Tariff Act of 1922. The court stated that there had been no attempt on behalf of the plaintiffs to prove that the items involved were not for the repair of vessels and for the equipments of the same, or that they did not constitute equipments, or repair parts, or materials, or expenses of repairs within the meaning of said section. The question of exemption from duty, because of stress of weather or other casualty, did not arise in that case. True, the court stated that there was no evidence to prove that duties were assessed upon goods the purchase of which was necessitated because of casualty, etc., but that question not having arisen in that case, whatever the court stated in its decision was mere dicta and was no authority upon which this court could base a decision holding that it had jurisdiction.

In *Dollar Steamship Lines*, case, *supra*, the claim is made that certain wool blankets were free of duty under section 3115, *supra*. However, it was further claimed in the protest that said blankets were not equipment as defined under section 3114, *supra*, but constituted supplies or ships' stores to be retained on board the vessel and were not dutiable unless landed, as provided in section 446, of said act, relative to ships' supplies, etc. Counsel for both sides submitted evidence relative to the scope and definitions of the words "stress of weather," "seaworthiness," and "casualty" appearing in section 3115, *supra*. The Government neither moved to dismiss the claim under section 3115 nor to strike out the testimony of plaintiff's witnesses as not material to the issues coming before this court. On the other hand, the Government examined at least one witness as to the meaning of the foregoing words as applying to the purchase of the blankets, and also cross-examined all of the plaintiff's witnesses upon that subject. The court, in holding that the blankets were not purchased because of stress of weather or other casualty within the meaning of section 3115, also held that such merchandise was not within the class of goods contemplated under section 446. It might well have refused to consider the claim for remission of duty under section 3115, *supra*, on the ground that admittedly it was equipment and therefore properly assessed for duty under section 3114. However, because of other claims presented in the protest, which supplied this court with jurisdiction over the subject matter, it is not in point

in this case. Where the statute fails to clothe the courts with jurisdiction, the same may not be obtained through judicial decree.

In the case of *Waterman Steamship Corp.* v. *United States*, 30 C. C. P. A. 119, C. A. D. 223, it was not contended that the collector erred in assessing the expenses of the repairs made in Japan with duty as provided under section 3114, or that the amount so assessed was excessive. The protest was an appeal "for remission of duty on vessel repair." The issue there is the same as we have in the case before us. When before this court the Government moved to dismiss the protest for want of jurisdiction. In affirming this court's judgment in dismissing the protest, our appellate court stated:

It is clear from the provisions of sections 3114 and 3115, *supra*, that it was the mandatory duty of the collector to assess the duty herein complained of, and that he had no authority to either remit or refund such duty, such authority being conferred upon the Secretary of the Treasury by the provisions of section 3115. There being no provision either in section 3115, or in any other provision of the Tariff Act of 1930, for a review of the Secretary's decision, we think it is clear that it was the purpose of the Congress, by the enactment of section 3115, to confer upon the Secretary of the Treasury exclusive and final authority to determine from the evidence submitted, whether or not the duties provided for in section 3114 should be remitted or refunded. * * *. Owing to the fact that, so far as the issues here are concerned, section 3115, *supra*, is precisely the same as section 3115 which was a part of section 466 of the Tariff Act of 1922, and is substantially the same as section 3115 of the Revised Statutes originally enacted in 1866 (R. S. 2d ed. 1878, p. 598), it must be presumed that the construction of section 3115 of the Revised Statutes and section 3115 which was a part of section 466 of the Tariff Act of 1922 met with the approval of the Congress. Accordingly, the doctrine of legislative approval of judicial interpretation and construction of the provisions in question is applicable in the instant case.

    \*      \*      \*      \*      \*      \*      \*

For the reasons herein stated, we are of opinion that the court below was right in holding that it was without jurisdiction to consider and determine the issues presented in appellant's protest. Accordingly, the judgment dismissing appellant's protest is *affirmed*.

For the reasons stated heretofore and following our appellate court in the *Waterman* case, *supra*, the contention of the Government that the protest should be dismissed for want of jurisdiction is sustained.

Judgment will be entered accordingly.